Dennis Dwyer, Administrator, Appellee, v. Chicago, St. Paul & O. Railway Company, Appellant.

Negligence: PERSONAL INJURY: DAMAGES: PAIN AND SUFFERING. Pain and suffering resulting from a personal injury are not proper elements of damage to be considered in an action, commenced by the administrator of the injured party, to recover damages to the latter's estate because of death from the injuries sustained.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, FEBRUARY 1, 1892.

ACTION to recover for a personal injury. There was a judgment for plaintiff, and the defendant appeals. *Modified and affirmed.*

*J. H. & C. M. Swan,* for appellant.

*Joy, Hudson, Call & Joy,* for appellee.

Granger, J.—The plaintiff is the administrator of the estate of Ann Dwyer, deceased, who was on the ninth day of July, 1889, struck by defendant's cars, as a result of which she died about thirty days thereafter. The petition specifies the injuries sustained, and adds: "All of which caused her great pain and suffering for a period of about thirty days, when she died from such injuries." A motion to strike out the words as to pain and suffering was overruled, and the court instructed the jury that, if it found for the plaintiff, to allow a "reasonable compensation for pain and suffering." The jury returned a general verdict for the plaintiff for three thousand dollars, and specially found that two thousand, three hundred dollars of the amount was for "pain and suffering," and seven hundred dollars "as damages to the estate." An assignment brings in question the correctness of the court's action in permitting the jury to consider pain and suffering as an element of damage. The action was commenced after the death of the plaintiff's intestate. If the action had been commenced in her lifetime, it is unquestioned that pain and suffering caused by the injury would have been a proper element of damage, and this would be true if, after the commencement of the action, she had died, and her administrator had been substituted as party plaintiff, and prosecuted the suit to judgment. *Muldowney v. Illinois Central Ry. Co.,* 36 Iowa, 462. We come, then, to the important inquiry if such damages are permissible in such a case, where the action is commenced by the administrator. The only authority for maintaining such an action by the legal representative is by virtue of the statute. At the common law, the cause of action abated with the death of the injured party. The law authorizing the action is found in Code, section 2525.

"All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same." We are cited to no case, in this or any other state, where the rule contended for by the appellee, and allowed by the district court, has been sustained. It is claimed, however, that the reason for this, as to other states, is because of the peculiarity of the statutes under which such actions are permitted to survive. In several cases this court has expressed its view as to the measure of damages in such cases, and in such a way that the appellant regards the law on this point as settled in its favor, while the appellee regards the language thus relied upon as merely incidental to other points determined, and in no way decisive of the question now before us. It is true that the precise question now before us was not involved for determination in any of the Iowa cases cited, and the language relied upon by the appellant has been used incidentally in the discussion of other questions; but it is not to be understood, because of this, that such language is without value in our deliberations on this question; for much of the language so used is in regard to questions so allied to this in its legal significance as to make them determinable upon quite similar considerations. For instance, the rule as to the measure of damage in cases of this kind has been considered, and, with the point before us in view, a rule excluding such damage has been adopted.

In *Rose v. Des Moines Ry. Co.*, 39 Iowa, 246, it is said: "The action is brought by the administrator for the injury to the estate of the deceased sustained in his death. There is therefore no basis for damage for pain and suffering. * * * Compensation for the pecuniary loss to his estate is alone to be allowed." See, also, *Donaldson v. Mississippi & M. Ry. Co.*, 18 Iowa, at page 290, and *Muldowney v. Illinois Central Ry. Co.*, 36 Iowa, at page 468. In the latter case the

action was commenced by the injured party, who died pending the suit, and his administrator was substituted; and it was held that pain and suffering were proper elements of damage because of the action having been commenced by the injured party; but the court guards the rule by saying: "A different rule would obtain if the action had been commenced after his death." It is thought that the expression may be accounted for on the theory that the case was determined under a different statute. Revised Statutes, section 3467, under which the action arose, is as follows: "No cause of action *ex delicto* dies with either or both of the parties, but the prosecution thereof may be commenced or continued by or against their personal representatives." With reference to the particular matter under consideration, it is difficult to trace a distinction between the statutes. The one says, in effect, that such causes of action shall survive the party, and the other that it does not die with the party. The effect of each is to create a survival, and the one as plainly as the other contemplates the existence of the cause of action before the death. It is not the effect of either, as seems to be thought by the appellee, to create a cause of action because of the death. The statutes deal with the "cause of action," and not with the rule of damage to be applied. In fixing the damage, we look to the wrong to be remedied; to the injury to be repaired. If the action is brought by the injured party, the law attempts to remedy the wrong to him,—not specifically to his estate,—and that may include loss of property, time and that bodily ease and comfort to which he is entitled as against the wrong-doers. If the action is brought to repair an injury to his estate, the law looks, in fixing the rule of damage, to how the estate is affected by the act, and attempts to repair the injury. Loss of time and expenses paid, as a result of the wrong, presumably lessen the estate; but bodily pain and suffering in no manner affect it. It is an item of

damage peculiar to the person, and not to pecuniary or property rights. Under our statute, these damages belong "to the estate of the deceased." Code, section 2526. This distinction is maintained throughout all the cases and authorities that have come to our notice. This court has repeatedly said that these actions are for "injury to the estate." See cases cited *supra: Rose v. Des Moines Ry. Co., Donaldson v. Mississippi & M. Ry. Co., Muldowney v. Illinois Central Ry. Co.* Mr. Sutherland, in his work on Damages (volume 3, p. 282), speaking in general of these statutes of survival of actions, says: "The measure of damages is not the loss or suffering of the deceased, but the injury resulting from his death to his family. It is only for pecuniary injuries that this statutory right of action is given. Although it can be maintained only in cases in which an action could have been brought by the deceased if he had survived, damges are given on different principles and for different causes. Neither the pain and suffering of the deceased, nor the grief and wounded feelings of his surviving relatives, can be taken into account in the estimate of damages." In *Railroad v. Barron*, 5 Wall. 90, a like case, it is said, speaking of the wife or next of kin, who, under the Illinois statutes, are the beneficiaries in such a case: "They are confined to the pecuniary injuries resulting to the wife and next of kin; whereas, if the deceased had survived, a wider range of inquiry would have been admitted. It would have embraced personal suffering as well as pecuniary loss, and there would have been no fixed limitation as to the amount." The language of the Illinois statute is different in phraseology from ours, but not to the extent of inducing a different rule in this respect. Under the statute of Minnesota, so similar to ours as to justify the same rule as to these damages, it is held that "no compensation can be given * * * for the pain and suffering of the deceased." *Hutchins v. St. Paul M. & M. Ry. Co.,*

46 N. W. Rep. (Minn.) 79. We conclude, without doubt, that the district court erred in its ruling on the motion and the instruction to the jury.

Some other questions are argued which we have examined, the consideration of which would require extensive quotations from the evidence, and we think they do not involve reversible error, and it is unnecessary to discuss them. The cause is remanded to the district court, with instructions to deduct from the judgment entered the twenty-three hundred dollars allowed for pain and suffering, and give judgment for the balance. MODIFIED AND AFFIRMED.