## JACOBS v. GLUCOSE SUGAR REFINING CO.

(Circuit Court, S. D. Iowa, Davenport Division.   October 13, 1905.)

### No. 9.

ABATEMENT—DEATH OF PARTY—CAUSE OF ACTION FOR PERSONAL INJURIES—
UNITED STATES COURTS—AUTHORITY OF DECISIONS OF STATE COURTS.
   Under the Iowa statutes and the decisions of the Supreme Court of the
state thereunder, both of which are binding on a federal court, damages
for pain and suffering resulting from a personal injury caused by the
negligence of another are not recoverable in an action brought by the legal
representatives of the injured person after his death.
   [Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and
Revival, §§ 261, 262; vol. 13, Cent. Dig. Courts, § 957.]

At Law.   On motion to strike out portion of petition.

Ely & Bush and M. J. Wade, for plaintiff.
Cook & Dodge, for defendant.

McPHERSON, District Judge.   The petition is in two counts, the
first of which states that March 3, 1905, Carsten Jacobs received an in-
jury by reason of defendant's negligence, from which he died March
15, 1905.   The second count sets forth the same facts, and "that by
reason of said injuries said Carsten Jacobs was damaged in the sum of
$5,000, for loss of time and earnings from the time of said injuries
up to his death, and for pain and suffering, mental and physical, and for
medical care and attendance."   There is no allegation that Carsten
Jacobs brought an action on account of said injuries.   It is conceded
that he did not.   Defendant moves to strike out the words "and for
pain and suffering, mental and physical."

Jacobs survived his injuries 12 days, during which time he suffered
mental and physical pain by reason of said injuries, occasioned, as is
alleged, by defendant's negligence.   So the question is, can the execu-
tor of his estate recover, in an action for the first time instituted after
the death, for such pain and suffering for the 12 days?   I doubt
whether in this case it is a practical question of much importance.
But with that I have nothing to do.   If upon the whole case the dam-
ages are a question for the jury, then this alleged element of damages
is or is not for the jury, according as this motion is ruled.

At common law, an action for the death of a human being could not
be maintained.   Such an action now is dependent upon the state
statutes.   That such an action is controlled by the statutes of the
state where the injury resulting in death is inflicted, and the money
recovered therefor must be distributed according to the laws of such
state, I suppose are not longer open to discussion.   Therefore this
question is to be determined by the statutes of Iowa, as construed by
the Iowa Supreme Court.   Those decisions furnish the rules of con-
struction for this court, and which this court follows.   But, if the Iowa
Supreme Court has not spoken to the point, then this court must adopt
such construction as seems proper.

In Muldowney v. Railroad, 36 Iowa, 463, it was held that the admin-
istrator could recover for such pain and suffering.   But in that case

the injured party instituted the action, and after his death the administrator was substituted as plaintiff. It is said in the opinion that a different rule exists if the action is not brought until after death, and Donaldson v. Railroad, 18 Iowa, 288, 87 Am. Dec. 391, is cited as authority for such dictum. The case in 18 Iowa does not so rule. The trial court so instructed the jury. But that instruction, favorable to the defendant, was not appealed from. It was a case on defendant's appeal, and it cannot be said that an instruction favorable to defendant is the law of the state or a ruling by the Supreme Court of Iowa, simply because there was an affirmance of the judgment. Rose v. Railroad, 39 Iowa, 246, is often quoted as bearing upon this question. But it does not. Inferentially it seems that the death was instantaneous. At all events the question was, what was the loss to the estate?

Dwyer v. Railroad, 84 Iowa, 479, 51 N. W. 244, 35 Am. St. Rep. 322, is, in my opinion, in point. That was a case in which 30 days intervened between the injury and the death, during which time the injured party suffered pain. That fact was pleaded, and over defendant's objection was submitted to the jury. The jury made special findings, one of which was the loss the estate had suffered by reason of the death, and the other was damages for such pain and suffering for the 30 days. Judgment was rendered on both special verdicts. On defendant's appeal, the Iowa Supreme Court held there could be no recovery for the pain and suffering for the 30 days. Counsel for plaintiff in the case at bar correctly says that in the case cited the damages for pain and suffering were pleaded in the same count as were the damages the estate had sustained. But after much consideration I am unable to believe that any question of pleading was involved. In that case the defendant made no point that two causes of action were pleaded in one count. The point made by defendant's counsel in that case was that such damages were not recoverable in a case first brought after the death of the injured party. The defendant, being defeated by the trial court on that question, again pressed the point to the Iowa Supreme Court, and that court held in such a case that such damages were not recoverable. And the opinion shows that the question was fully considered, and it cannot be said that the opinion was either dictum, or that a question of pleading was involved. The case of Union Mill Company v. Prenzler, 100 Iowa, 540, 69 N. W. 876, is of no value in the case at bar, other than by argument and dictum, it appears that the writer of the opinion still adhered to the views expressed in the other Iowa cases which I have cited.

Plaintiff's counsel contend with much force that under an Iowa statute all causes of action survive, despite the death of the person entitled to the same; and he rightly contends that had Jacobs survived he could have maintained the action for pain and suffering. Under this statute I am not able to see why he did not have a cause of action and his estate another. And whether such recoveries would be paid over to the same person in the same right, with or without the same exemptions, in my opinion, is of no importance. The proper probate court would take care of that question. Suppose that at the end of five days, when it was not known that Jacobs would die from his injuries, the

attending physician had negligently or willfully given Jacobs a poison, from which he died within a few minutes? Can any lawyer say that the administrator could not maintain an action against the defendant herein for pain and suffering, and another action against the physician for damages to the estate? And if this be so; then by what logic or reasoning can it be said that two actions cannot be brought against one wrongdoer, the one for pain and suffering and the other for damages to the estate? Both are actions for compensatory damages. The one survives to the administrator under one statute, and the other is given to the administrator under another.

If this were an original question, I would allow the administrator to seek to recover for pain and suffering. In other states there is a conflict of authority upon the question. Railroad v. McElwain (Ky.) 34 S. W. 236, 34 L. R. A. 788, 56 Am. St. Rep. 385; Sweetland v. Railroad (Mich.) 75 N. W. 1066, 43 L. R. A. 568; Hulbert v. Topeka (C.C.) 34 Fed. 510; Dolson v. Railroad (Mich.) 87 N. W. 629; Brown v. Railroad (Wis.) 77 N. W. 748, 44 L. R. A. 579. I pass those cases, and recur to the original premises, and that is that none of these matters were subject to suit at common law, but are controlled solely by the Iowa statutes. And the decisions of the Iowa Supreme Court construing those statutes are binding upon and must be followed by this court. The question is not one of argument nor reasoning, but is one as to what the Iowa Supreme Court has ruled.

Believing that the case of Dwyer v. Railroad, 84 Iowa, 479, 51 N. W. 244, 35 Am. St. Rep. 322, is of binding authority upon this court, and that the ruling was adverse to the contention of plaintiff's counsel in the case at bar, the motion of defendant to strike from the petition all allegations as to pain and suffering is sustained.