THOMAS B. MURRAY, ADMINISTRATOR, APPELLEE, V. OMAHA
TRANSFER COMPANY, APPELLANT.

FILED JUNE 5, 1915. No. 17421.

Personal Injuries: REVIVOR: MEASURE OF DAMAGES. Former opinion (95
Neb. 175) adhered to.

Rehearing of case reported in 95 Neb. 175. *Former
judgment of affirmance adhered to.*

SEDGWICK, J.

After our former decision in this case (95 Neb. 175),
argument was allowed on the measure of damages. Upon
this question we have had the assistance, not only of the
attorneys engaged in the case, but also of other able at-
torneys interested in similar cases pending in this and
other courts. For this reason, and because of the impor-
tance of the question, and the inconsistent, or at least in-
complete, provisions of the statute, we have thought it best
to state further reasons for our conclusion. The facts are
sufficiently stated in our former opinion.

When one is injured in his person by the wrongful act
of another, and begins an action to recover damages so
sustained, and afterwards dies while his action is pending,
what are the elements of damage which can be recov-
ered? Our former opinion holds that, when the "action is
revived in the name of an administrator, the latter takes
the decedent's place in the litigation, and is entitled to
recover for the benefit of the estate what the injured per-
son would have been entitled to recover had he survived
his injuries." The opinion cites *Webster v. City of Hast-
ings,* 59 Neb. 563, and other decisions of this court, which
could not have been determined as they were unless this
is the law. Sections 8022, 8023, Rev. St. 1913, are: "In
addition to the causes of action which survive at common
law, causes of action for mesne profits, or for an injury
to real or personal estate, or for any deceit or fraud, shall
also survive, and the action may be brought, notwith-

standing the death of the person entitled or liable to the same." "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office; which shall abate by the death of the defendant." These are sections 463 and 464 of the Code as now numbered, and were enacted in 1858. Rev. St. 1866, p. 469. The latter section quoted provides that such an action as this shall not abate by the death of the plaintiff. This language is so direct and clear that it must be conceded that the administrator may continue the action. There seems to be no good reason in the nature of the case to forbid an administrator to begin and prosecute an action and at the same time allow him to continue an action for the same cause begun by the deceased in his lifetime. It is the duty of the court to construe these statutes together. If the deceased had lived to complete his action, he would have recovered for all damage done him by defendant's wrongful act, including the injury to his earning power during his expectancy of life. What he recovered would, of course, be directly for his own benefit, but it would become a part of his estate, and upon his death, occurring after the receipt of such remuneration, it would benefit his next of kin and all others who would be interested in his estate. His wife and children are interested in his estate while he lives, and his creditors are interested in so much thereof as is necessary to satisfy their claims. The rights of wife and children in a specified and limited amount of his estate are superior to the rights of creditors. The husband and father cannot ignore the rights of his family nor of his creditors in his property. His relation in them is analogous to that of trustee. It would seem, therefore, that, if in his lifetime he recovered full compensation for his injuries, the liability of the wrongdoers would be extinguished.

The supreme court of South Dakota has, in a recent case, considered that there is a double liability; that their death act, which is essentially the same as ours, creates a

Murray v. Omaha Transfer Co.

new cause of action. This conclusion is earnestly contested by two of the judges in dissenting opinions. *Rowe v. Richards,* 151 N. W. (S. Dak.) 1001. We refer to this as one of the very recent cases, in which many authorities are collected and freely quoted. The majority opinion is largely devoted to a discussion of the difference between a "cause of action" and "a right of action," and particularly between the "cause of the injury" and "the injury itself." The opinion considers that the failure to observe this distinction has led to the view "that there could be but one recovery for one wrong—'one wrongful act.'" There would be much force in this suggestion if the cause of action were the wrongful act. As suggested in the opinion, if "A, in negligent disregard of the rights of others, fires a bullet from his rifle," if the shot does no damage, there is no cause of action, but if it injures B and C, then each have a cause of action against A. B's cause of action is not the wrongful act, but the injury it has done him. But under our death act the cause of action is not the wrongful act, but damage that act has caused. It has injured the earning capacity of the deceased. It is not for the death of the deceased that the widow sues. It is for her loss caused by the injury to her husband. That the injury caused the total destruction of his earning capacity and all benefits which she otherwise would have received from her husband is rendered certain by his death as the result of that injury. If one maliciously sets fire to a building in which the property of A and B is stored, their loss is the destruction of their property, and not the "wrongful act." If each owns a separate and distinct part of the property destroyed, each has a distinct cause of action. If the title to the property is in a trustee for their benefit, the trustee may recover the whole loss in one action, and payment of the full value of the property to the trustee would ordinarily satisfy the claims of both A and B. Under our statutes the wife has an interest in the property and rights of her husband at his decease, of which he cannot deprive her by any act of his. His creditors also have an interest which he cannot ignore. His admin-

istrator represents all of those interests. Therefore, there seems to be no reason why the whole matter could not be disposed of in one action. If the petition, in addition to the other allegations of damages, alleged the earning power of the deceased, and who were the dependents, and what each of them was entitled to recover under Lord Campbell's Act, which is called by some courts the "death act," and how much the estate of the deceased ought to recover, and if the verdict of the jury or findings of the court were equally specific, there would be no difficulty in administering the two sections of the statute together. We have alluded to the question actually decided in the South Dakota case, because, as the decision in that case shows, the question of the power of the party injured to collect full compensation, and so bar any future action, is so connected with the question in the case at bar that neither can be satisfactorily determined without reference to the other. The suggestion of a "double recovery" has injected itself into very many decisions. Of course, if a settlement with the party injured is affected with fraud or overreaching, it might be avoided, and, if the amount received was grossly inadequate to the injury suffered, that of itself would be evidence tending to show unfair practice.

By the ancient common law there could be no private action for the felonious killing of a human being. Such damages inhered in the felony and belonged to the crown. The courts in those times appear to have extended the principle so as to forbid an action for death caused by any wrongful act, whether felonious or otherwise. If the legislature had abolished this rule, and expressly provided for an action for damages caused by an unlawful act, whether death resulted or not, the difficulties of the situation would be removed. Judge Cooley says it is remarkable that the legislatures have not done so. "Why should not the money value of his life, when it has been taken away by unlawful act or negligence, be a right of action in the hands of his representatives?" 1 Cooley, Torts (3d ed.) p. 31 (*27).

Such a statute could give a preference to the widow or widower and next of kin as our statute does, and, when

the entire damage sustained by all parties was recovered by the administrator, the proceeds in the hands of the administrator could be reported to the probate court as other assets to be distributed as the law required, or, perhaps still better, the statute might provide for the determination of the rights of the respective parties upon the trial in the district court, as suggested above.

It has been suggested that if the administrator should prosecute such an action for the benefit of the estate and also for the benefit of the next of kin—that is, making the claim under the survival statute and the claim under the death act in one action—the administrator might be more zealous for the estate than for the widow and next of kin, and so the latter would be wronged. But no action can be brought under the death act for the widow and next of kin, except by the administrator; and, if there is danger of discrimination, the probate court can determine the rights of the respective parties in the recovery when the district court has failed to do so.

It would appear from the diversity of judicial decisions that there has been unfortunate and incomplete legislation in the other states as well as in our own. Construing these statutes in the light of history and of present conditions, we conclude that the intention of the legislature was that, when an action has been begun by the party injured to recover damages suffered because of the wrongful act of another, the action does not abate, nor any part thereof, by the death of plaintiff, and the administrator takes the place of the plaintiff therein and can recover any and all damages that the injured party could have recovered if he had survived, including injuries to or loss of his earning power.

We adhere to our former opinion.

AFFIRMED.

---

BARNES, J., dissenting.

I am unable to concur in either the original opinion by Judge Rose or the present opinion by Judge Sedgwick, affirming the judgment of the district court.

By the majority opinion the administrator of the estate of Miller is allowed to recover, not only for the pain and mental suffering actually sustained by his decedent, the physical injury suffered by him, the expense incurred for necessary medical and surgical attention in treating him for his injuries, but, in addition thereto, such sum as decedent would have earned for the whole term of his life expectancy, as shown by the Carlisle table, if he had not died as a result of his injuries. As to this last item of the recovery, I am convinced that the majority of the court is wrong.

By the act of February 25, 1873 (Gen. St. 1873, ch. 15) it was provided: "Section 1. That whenever the death of a person shall be caused by the wrongful act, neglect, or default of any person, company or corporation, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, in respect thereof, then, and in every such case, the person who, or company, or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Section 2. That every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action, shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries, resulting from such death, to the wife and next of kin of such deceased person, not exceeding the sum of five thousand dollars: *Provided,* that every such action shall be commenced within two years after the death of such person."

Prior to the passage of that act, there was no statutory right for any one to recover for death by wrongful act; and whatever right accrued to the administrator of the deceased person, or those dependent upon him for support, was that which existed at the common law. By the act above quoted, a new right of action was created, and the widow and next of kin of the deceased were allowed to recover a sum not exceeding $5,000 for the pecuniary injuries resulting to them by reason of death caused by wrongful act. That statute has remained unchanged to the present time, except by an amendment including the widower, and the repeal of so much thereof as limited the amount of the recovery to the sum of $5,000.

It appears that the statutes of this state have made no direct provision for a recovery by the administrator of the estate of one who is killed by wrongful act, of any amount whatever representing the earning capacity of a deceased person after his death, except such recovery as may be had for the benefit of the widow or widower and next of kin of his decedent. Plaintiff decedent, Miller, in the case at bar, left no widow or next of kin, and no one dependent in any manner upon him for support. Therefore, the plaintiff in this case could not recover anything representing the earning capacity of decedent after his death occurred. The right of recovery, so far as that matter was concerned, was extinguished at Miller's death. I am satisfied from a thorough investigation that no case can be found which holds that the loss of earning capacity can be recovered for the benefit of creditors of the decedent.

It is true that under the revivor statute the action commenced by Miller in his lifetime was properly revived, and it seems clear from the weight of authority that the administrator could recover for the benefit of the estate of his decedent for the pain and suffering, both mental and physical, and decedent's loss of wages during the time he survived his injuries, for the necessary hospital charges, and for the value of the medical treatment furnished him by his physician; but the statutes have not made any provision for a recovery for decedent's earning capacity, ex-

cepting such as provided for the benefit of the widow and next of kin, above mentioned.

In *Dwyer v. Chicago, St. P. & O. R. Co.*, 84 Ia. 479, 35 Am. St. Rep. 322, it was said: "The statutes deal with the 'cause of action,' and not with the rule of damage to be applied. In fixing the damage, we look to the wrong to be remedied, to the injury to be repaired."

In *Brown v. Chicago & N. W. R. Co.*, 102 Wis. 137, the court said: "Such damages to the widow and next of kin begin where the damages of the intestate ended, viz., with his death." And on rehearing (p. 150) : " 'The death is the end of the period of recovery in one case and the beginning in the other. In one case the administrator sues as legal representative of the estate for what belonged to the deceased, in the other he acts as trustee for those upon whom the act confers the right of recovery for the pecuniary loss inflicted upon them.' * * * The damages in one right are limited to the loss which accrues to the injured person before death, and the damages in the other to the pecuniary loss of surviving relatives, as before the survival statute. The two rights in no way overlap each other." See *Johnson v. City of Eau Claire*, 149 Wis. 194.

In *Jacobs v. Glucose Sugar Refining Co.*, 140 Fed. 766, it was said: "And if this be so, then by what logic or reasoning can it be said that two actions cannot be brought against one wrongdoer, the one for pain and suffering, and the other for damages to the estate? Both are actions for compensatory damages. The one survives to the administrator under one statute, and the other is given to the administrator under another."

In *Quinn v. Johnson Forge Co.*, 9 Houst. (Del.) 338, the court instructed the jury as follows: "Should you decide in favor of the plaintiff, you should assess damages in such reasonable sum as you deem proper and right under the circumstances, and in fixing that amount you should consider such damages as have been actually proved by reason of loss of wages from the 20th day of July, 1891, up to March 3, 1892, when he died, and also allow such sum as you deem adequate and proper by reason of his

physical pain and mental sufferings. As regards the death of Peace as being the result of his injuries, you cannot take that into consideration in the estimation of damages. It has no connection with this case."

In *Belding v. Black Hills & Ft. P. R. Co.,* 3 S. Dak. 369, 375, we find the following: "In what manner, and under what circumstances could the deceased have recovered had death not ensued? He could have recovered, in addition to his physical and mental suffering, for loss of time and employment, the expenses of medical and surgical attendance, nursing, etc., incident to the injury. * * * Anything more? Certainly not." Pages 380, 381: "It does not provide, as we have seen, for the recovery of damages by the widow and heirs, and it is not provided that the personal representative shall institute the action for the use or benefit of such widow and heirs, or that the sum recovered shall be apportioned between the beneficiaries. The section (Lord Campbell's Act) seems to have been adopted with another object in view, and that was to give the widow, having in the death of a husband sustained the greater loss, the prior right to institute the action and recover the damages she has sustained by reason of the death of her husband. * * * To carry into effect the evident intention of the legislature, the widow should have the prior and exclusive right to institute the action and to the damages for the loss of the life of the husband. * * * If the action can be instituted by the personal representative, the damages recovered by him would be assets of the estate, and, in case the estate was insolvent, the money recovered would go to the creditors. This could not have been the intention of the legislature. * * * This seems but reasonable and just. All must concede, we think, that the wife, in the loss of her husband, on whom she is dependent for support, sustains a greater loss by such death than any other person."

The same rule is announced in *Atchison, T. & S. F. R. Co. v. Rowe,* 56 Kan. 411; *Pittsburgh, C., C. & St. L. R. Co. v. Hosea,* 152 Ind. 412; *Peake v. Baltimore & O. R. Co.,* 26 Fed. 495; *Louisville, N. A. & C. R. Co. v. Goody-*

*koontz,* 119 Ind. 111; *Hilliker v. Citizens Street R. Co.,* 152 Ind. 86; *Sturges v. Sturges,* 126 Ky. 80, 12 L. R. A. n. s. 1014; *Stewart v. United Electric Light & Power Co.,* 104 Md. 332, 8 L. R. A. n. s. 384; *Davis v. Railway Co.,* 53 Ark. 117, 7 L. R. A. 283; *Michigan C. R. Co. v. Vreeland,* 227 U. S. 59.

The case of *Mageau v. Great Northern R. Co.,* 103 Minn. 290, 15 L. R. A. n. s. 512, is to the same effect. The court said in that case: "The administrator recovers damages based upon the reasonable expectation of pecuniary benefit of the persons named by the statute, often not the husband, as the beneficiaries of the action."

In this state, however, the husband is included as one who may recover for the pecuniary injuries sustained by death by wrongful act. The authorities are almost numberless on this question. To summarize the whole matter, I have found by my investigation that the courts of fourteen of our sister states, the federal courts and the English cases support the rule announced in this dissenting opinion. The courts of five of the states refuse to allow any damages, stating that the action abates. The courts of last resort in eleven of the states permit a division of the damages, a part to the estate and a part to the widow and next of kin; while the courts of but four states support the rule stated in the majority opinion. I am therefore constrained to hold that the widow and next of kin are entitled to recover the damages allowed them by Lord Campbell's Act, in an action brought by an administrator of their own choice, without being compelled to resort to the probate or county court for a distribution. Their recovery should be for their benefit alone. The provisions of the statutes have been in force since 1873, and no difficulty has been encountered in enforcing them. They are plain, and are sufficiently explicit to cover all cases without resort to speculation or judicial legislation. It is my opinion that the judgment of the district court should be reversed and the cause remanded for further proceedings.

FAWCETT and HAMER, JJ., concur in the above dissent.