EDNA N. HINDMARSH, ADMINISTRATRIX, APPELLANT, v. SULPHO SALINE BATH COMPANY, APPELLEE.

FILED MARCH 28, 1922. No. 22040.

1. **Death:** STATUTORY ACTION. Our statute (Rev. St. 1913, sec. 1428, and sec. 1429, as amended by Laws 1919, ch. 92), which provides that, whenever a person shall by wrongful act cause the death of another, he shall be liable in damages to the widow or next of kin of the deceased party, creates a cause of action, not known at common law, and one which is separate and distinct from the cause of action which the deceased party may have had, to recover damages for personal injuries.

2. ———: ACTION: REVIVOR. Where a person, by wrongful act, inflicts injuries upon another, and the injured party, in his lifetime, institutes a suit to recover damages, the action upon his

Hindmarsh v. Sulpho Saline Bath Co.

death does not abate under our statute (Rev. St. 1913, sec. 8023), but may be revived and continued by his personal representative.

3. ———: ———: DAMAGES. Where such an action was begun by the injured party in his lifetime and is pending at his death, and is revived and prosecuted to judgment by his administrator, and the deceased party has left a widow or next of kin, recovery by the administrator in the revived action must be limited to such damages as the deceased might have recovered, had he lived, but for no loss of earnings extending beyond the time of his death.

4. ———: ———: ———. In such revived action the personal representative may recover damages for pain and suffering endured by the deceased; for expenses incurred, necessitated by the injuries, in the nature of medical and hospital expenses, and the like; and he may recover the loss of earnings which the injured party sustained during his lifetime as the result of the injuries.

5. ———: ———: ———. Where a person brings an action to recover damages for personal injuries and dies from a cause other than the injury, and the action is revived and prosecuted by his personal representative, recovery may be had for loss of earnings during the lifetime of the deceased, but not for the period that he would have lived, had he lived out his expectancy of life, based upon his age and condition of health prior to the injury.

6. ———: ———: ———. The personal representative is entitled to recover for the widow and next of kin, in the statutory action for wrongfully causing death, the pecuniary loss suffered by them by reason of their being deprived of what they would have received from the earnings of the injured party, from the time of his death, during the period that he would have lived, had he lived out his entire expectancy.

7. Action: JOINDER. The two causes of action may be joined in the same proceeding, but when this is done they should be pleaded separately, and separate verdicts should be returned.

8. Judgment: BAR. Where the two actions are not joined, but the revived action is prosecuted to judgment, that judgment will not be a bar to the bringing of the other action.

APPEAL from the district court for Lancaster county: ELLIOTT J. CLEMENTS, JUDGE. *Affirmed.*

*Stewart, Perry & Stewart,* for appellant.

*M. V. Beghtol* and *J. L. McPheely, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., DICKSON and STAUFFER, District Judges.

FLANSBURG, J.

This was an action by the administratrix of the estate of Roy B. Hindmarsh, deceased, to recover damages for the benefit of the widow and next of kin, charging that the death of the deceased was caused by the wrongful act of the defendant.

The defendant operates a private hospital. Roy B. Hindmarsh in November, 1919, was a patient in the hospital and under the care of a nurse of the defendant. While in a delirious condition, he escaped and leaped from a window and sustained injuries. An action, other than the one now presented for review, was begun by him in his lifetime to recover damages, alleging negligence on the part of the defendant in failing to guard and prevent him from inflicting injuries upon himself. On August 14, 1920, pending that action, plaintiff died from the injuries inflicted. Edna N. Hindmarsh, the widow of deceased, was appointed administratrix and revived the action. That action was tried upon the theory that the death of decedent was caused by the wrongful act of the defendant, and that the plaintiff was entitled to recover in the one action all the damages which the deceased could have recovered, had he been totally and permanently disabled, and had he survived and lived out his entire expectancy. Under the court's instructions a recovery was allowed for the pain and suffering endured by the deceased; for his hospital and medical expenses; and for all loss of earnings for the full period of his expectancy, based upon his age and condition of health prior to the injury. Recovery was had in the sum of $4,000.

After recovery of this judgment, the plaintiff, administratrix, brought the present action, to recover for the benefit of herself as widow and for the benefit of her child, a daughter of the deceased, under the statute (Rev. St. 1913, sec. 1428, and sec. 1429, as amended by Laws 1919, ch. 92),

which provides that, whenever the death of a person shall be caused by the wrongful act of another, when such act would, if death had not ensued, have entitled the injured party to maintain an action and recover damages, then, in every such case, the person, who would have been liable, shall be liable, notwithstanding the death of the injured person; and that every action for the recovery of such damages shall be brought by the personal representative, and shall be for the benefit of the widow and next of kin, and the amount recovered shall be distributed among the named beneficiaries in accordance with the law of descent and distribution of personal property.

The former recovery is set up as a bar to this action.

The former action, instituted by the deceased in his lifetime, was based upon the common-law right of recovery. It would have abated except for our statute (Rev. St. 1913, sec. 8023), providing that no action pending in any court shall abate by the death of either or both of the parties. *Webster v City of Hastings*, 59 Neb. 563; *Sheibley v. Nelson*, 83 Neb. 501; *Levin v. Muser*, 107 Neb. 230.

Had the former action finally terminated in a judgment prior to the death of Roy B. Hindmarsh, it seems clear that such judgment would have been a complete bar now, for, in order to recover in this action, under the statute (Rev. St. 1913, sec. 1428), it is necessary to show not only that the death resulted from a wrongful act, and that there are statutory beneficiaries for whom suit can be brought, but that, had the deceased lived, he himself would have been entitled to maintain an action. Had his cause of action been settled by him, or been reduced to judgment prior to his death, that would have eliminated one of the essential conditions to a recovery in this action, for his cause of action would have been extinguished and he would thereafter, had he lived, have had no right to sue. 17 C. J. 1250, sec. 102. Such a rule does not deny a full recovery. Had he prosecuted his suit and obtained a judgment prior to his death, he would have been entitled to an award of

damages sufficient to cover all loss of every kind sustained. He could have recovered not only for pain and suffering and for expenses incurred, but also for loss of earnings, based upon his entire expectancy of life, as shown by his condition of health and age prior to the time of the injury. Though, by the injury, his life was to be shortened, or his death caused, still that would not have deprived him of the right to the maximum recovery, based on his full expectancy of life, as stated. *Webb v. Omaha & S. I. R. Co.*, 101 Neb. 596; 17 C. J. 876, sec. 181, 906, sec. 196.

It is argued that, if such a judgment or settlement, prior to the death of the injured party, would be a bar, then a judgment in the action, brought by him in his lifetime and revived after his death, would also be a bar. That, however, does not follow. Before his death he had a right to recover the total loss of earnings, based upon his full expectancy of life; but when death occurred the actual duration and period of his life became definite and fixed and no longer open to question, and, having left a widow and next of kin, a new cause of action sprang up in their favor, entitling them to recover, for themselves exclusively, a portion of the total loss which has grown out of the extinguishment of the deceased's earning capacity. Obviously, a recovery of that same portion of the given loss cannot be awarded at the same time to statutory beneficiaries and to the estate as well, without resulting in a double payment by the defendant of a single loss. Whether or not in the event stated the administrator can, in the revived action, recover the whole amount, or whether he can recover only the loss which has been actually sustained by the deceased prior to his death, becomes a vital inquiry, since a judgment in the revived action, if it is continued as a distinct and separate action, could not become a bar except to the extent of the amount of recovery which could have been legally allowed in that action, and no further.

Under the law in this state, the legislature cannot authorize a double recovery. By a double recovery we mean

a recovery which represents more than the total maximum loss which all parties have sustained. A single wrongful act, it is true, may cause an injury to more than one person, and every person sustaining injury through it is entitled to recover his loss. The quantum of loss actually sustained by all persons concerned, in a case of this kind, has a definite limit. The limit of that loss is the damage caused to the injured party by his pain and suffering; the loss through expenditure for medical and hospital services and other such expenses; and the loss of all earnings that he would otherwise have been able to make, had he not been injured, based upon an expectancy of life, as shown by his age and condition of health prior to his injuries.

The loss of earnings is limited to the earning capacity of the deceased, and where a party is allowed to recover a portion of that loss on the theory that such an amount would have been received from the earnings of the deceased had he lived, obviously, to be consistent with that theory, no other person can be allowed a recovery on the ground that he had sustained the same injury and the same loss, for he could never have been the recipient of the same earnings. In this state exemplary damages are not recognized, nor can damages, in the nature of a penalty, be recovered. The defendant cannot be made to suffer to an extent greater than necessary to compensate for the loss which he has actually caused. The legislature may prescribe the methods by which that loss may be recovered, and may prescribe to whom the amounts recovered shall be distributed, but it cannot, by legislative act, require the defendant to pay a double loss; nor do we believe that the legislature intended to do so. The object of such statutes, both of the revival statute and of the statute giving a recovery for death caused by wrongful act, was to give and preserve to the parties damaged a complete remedy and opportunity to recover the loss sustained, a loss which, at the common law, they could not have recovered owing to the fact that

the death of the party who had sustained the injuries extinguished the cause of action.

In most, if not all, of the states in this country, the common law, by which the right of action for damages for personal injuries abated by the death of the injured party, has been changed by statutes similar to the statutes in this state, but the provisions of those statutes are varied and the decisions construing them are even more divergent.

In some states it has been held that there must be an election between the two remedies; that one action is exclusive of the other, and that either remedy is, in effect, a continuation of the common law action which is prevented from abating. In other states, notably Illinois and Kansas, it is held that, where death results from some cause other than the injuries, the only remedy is under the revival statute; but that, where death is the result of the injuries, the action by revivor is gone and an action for causing death by wrongful act is the sole remedy.

In those states, however, where the statutes are more similar to our own, and where it is held, as in this state (*Gengo v. Mardis*, 103 Neb. 164), that the two statutes cover causes of action which are distinct and separate from one another—the revived action being by statute the continuation of the common law right of action, and the remedy for death caused by wrongful act being based on a new and distinct cause of action not known at common law—it is held that the two remedies are concurrent and not exclusive.

It is readily seen that, where the remedies are held to be exclusive, the measure of damages, recoverable in behalf of the estate, should not be the same as that recoverable under statutes which are construed to provide concurrent remedies. Where the remedies are exclusive, the question of double or overlapping recoveries does not arise.

Where the remedies are held to be concurrent, and we take it they are concurrent in this state, the recovery in the revived action must be limited to such as the deceased

might have recovered, had he lived, but not extending beyond the time of his death. This is manifest from the expressed intention of the legislature that the recovery for the statutory beneficiaries for the pecuniory loss, growing out of the death, shall be for the beneficiaries *exclusively*. *St. Louis & S. F. R. Co. v. Goode,* 42 Okla. 784, L. R. A. 1915 E, 1141; and see notes, 7 A. L. R. 1320 and 1355; and see cases in dissenting opinion *Murray v. Omaha Transfer Co.,* 98 Neb. 482, 486.

In the revived action the personal representative may recover damages for pain and suffering endured by the deceased; for the expenses incurred, necessitated by the injuries, in the nature of medical and hospital expenses, and the like; and he may recover the loss of earnings, which are sustained by the injured party, during his lifetime as a result of the injuries. But in the action brought by the personal representative, in behalf of the statutory beneficiaries, to recover damages for the death caused by the wrongful act of the defendant, the recovery must be measured by the pecuniary loss suffered by those beneficiaries by being deprived of what they would have received from the earnings of the injured party from the date of his death, had he lived out his full expectancy. Under this construction, a double recovery is avoided, although the double remedy is recognized.

These two actions may be pursued separately in different suits, each being confined to its own specific limit of recovery, or they may be joined in one action and separate verdicts returned. *Hamel v. Southern R. Co.,* 113 Miss. 344; *Brown v. Chicago & N. W. R. Co.,* 102 Wis. 137; *Moyer v. City of Oshkosh,* 151 Wis. 586; *Johnson v. City of Eau Claire,* 149 Wis. 194; *St. Louis, I. M. & S. R. Co. v. Dawson,* 68 Ark. 1; *Murray v. Omaha Transfer Co.,* 98 Neb. 482. Where the original action is revived and continued and the recovery is, by law, required to be limited in the manner stated, there is no reason why a judgment

in that action should be a bar to the bringing of the other action.

In the case of *Mahoning Valley R. Co. v. Van Alstine*, 77 Ohio St. 395, an action for personal injuries was commenced during the lifetime of the injured party, and after his death was revived by the administratrix. The pleadings, however, were amended in the revived action so as to limit the recovery to the loss actually sustained by the injured party prior to his death, and the court held that the judgment rendered in that action was not a bar to a subsequent action, in which a recovery was awarded to the widow and next of kin for their pecuniary loss resulting from the death, based upon what they would have received from the earnings of deceased, from the date of his death, during the period of his expectancy of life, had he survived the injury.

It is argued that the decision in *Murray v. Omaha Transfer Co.*, 95 Neb. 175, and 98 Neb. 482, is not in accord with this holding. The effect of that decision, however, is only that, where no statutory beneficiaries exist who can recover under the statute for the wrongful death, the administrator may then recover, for the benefit of the estate, in the revived action, full compensation for the loss caused by and resulting from the injuries and consequent death, and that the recovery may then be in an amount equal to that which the deceased could have recovered, had he survived and been permanently deprived of his earning capacity. That decision is in harmony with the decisions in those states where one remedy is alone provided, or where one is held exclusive of the other. *Kyes v. Valley Telephone Co.*, 132 Mich. 281; *Maher v. Philadelphia Traction Co.*, 181 Pa. St. 391; *McCafferty v. Pennsylvania R. Co.*, 193 Pa. St. 339. The same reason, why the recovery for the benefit of the estate should be limited, does not exist where there are no statutory beneficiaries in existence who can bring the other action. Where such beneficiaries do exist, since the act provides a remedy exclusively in

their favor, the fact that the act gives them the right to a specific recovery to the exclusion of the estate, in effect cuts down the recovery which the estate might otherwise have been entitled to receive.

Had the original action, in this case, after it had been revived, been conducted solely as such action and to recover only that which the estate was entitled to recover, it would not have been a bar to the present proceeding, for the two recoveries, then, could consistently have been allowed in separate suits, and there would have been no overlapping of recoveries nor an excessive amount exacted from the defendant. The administratrix, however—the widow herself—was the plaintiff in the revived action, and the issues were, manifestly, not confined to what the estate was entitled to recover, but proceeded as an action to recover the full and maximum amount to which both the estate and the statutory beneficiaries were entitled. The question of whether or not death was the result of the injuries became an essential issue in the case. It was only upon that theory that any recovery could have been allowed for loss of earnings during a period subsequent to the death of the deceased; for, had it been conceded that he died from some cause other than the injuries complained of, all question of expectancy of life would have been removed, and recovery for loss of earnings would, necessarily, have been confined to the period of his actual lifetime. *Rouse v. Michigan U. R. Co.,* 164 Mich. 475; 17 C. J. 874, sec. 181.

Though the two causes of action were not distinctly and separately pleaded, and though separate verdicts were not returned, still the recovery was complete and full, and sufficient to meet everything that all of the parties, entitled to a remedy under either of the statutes, could have recovered. In effect, the proceeding was a joinder of the two causes of action.

Upon the administratrix is placed a double responsibility; she can disregard neither. In one capacity, she

may sue as legal representative of the estate for what belonged to the deceased. In the other, she acts as representative and trustee for the widow and next of kin, upon whom the act confers the right of recovery for the pecuniary loss inflicted upon them. In the original action after it was revived, the administratrix in this case has acted as representative in both capacities, and has recovered a judgment, based upon and sufficient to meet all of the loss sustained. The proceedings, taken in the revived action, constituted not only a prosecution of that action, but also, in effect, the prosecution of an action by the representative for the statutory beneficiaries, to recover all that those beneficiaries were entitled to recover under the statute, and, having received a judgment as representative for those beneficiaries, that judgment is a complete bar to the action which she now institutes.

The fact that separate verdicts were not returned does not necessarily invalidate the judgment (*Kansas City S. R. Co. v. Leslie,* 238 U. S. 599) ; nevertheless, that undivided portion of the recovery, to which the plaintiff was entitled as a representative for herself and her child, she is entitled to retain for them exclusively and as against the estate and the rights of creditors.

Where the two causes of action are joined in one proceeding, they should be pleaded in separate counts, and separate verdicts should be returned. When brought in separate proceedings, the recovery in each should be limited to the measure of damages applying in the particular case.

The judgment of the lower court is therefore

AFFIRMED.