M. J. Boyle, Administrator, Appellee, v. Henry Bornholtz, Appellant.

No. 43843.

October 19, 1937.

Ralph Prichard and Shull & Stilwill, for appellant.

Clem & Miller, for appellee.

Stiger, J.—Plaintiff, as administrator of the estate of James Boyle, deceased, brought this action alleging that the defendant was a regular merchant policeman in Sioux City, Iowa; that on December 5, 1935, the defendant, without cause or provocation and with malice, shot James Boyle while he was running away from the defendant, and on December 10, 1935, the said James Boyle died from the injury received. Plaintiff asked actual damages in the sum of $14,650 and for exemplary damages in the sum of $10,000.

The defendant in his answer alleged that his duties as a merchant policeman consisted of guarding various business properties in Sioux City, Iowa; that about 1 o'clock on the morning of December 6th, while in the performance of his duties as a merchant policeman, James Boyle and Jack Gormally suddenly jumped out on the defendant and "shoved a

gun into the defendant's ribs and shouted 'Stick 'em up and don't be slow,' '' that defendant refused to hold up his hands as requested and then the said Gormally and Boyle attacked him, and defendant, in resisting said attack and to protect his life, drew his revolver and in self-defense shot at Gormally and Boyle; that defendant acted only in self-defense to prevent the robbery and injury to his person. Defendant further answered that subsequent to the attempted robbery the said Jack Gormally entered a plea of guilty to an indictment charging him with assault with intent to rob the defendant; that the defendant in all of his acts at said time and place was acting in line with his duties as night watchman and policeman and whatever he did was for the sole and only purpose of protecting property and to save his person from injury.

The plaintiff filed a reply in which he denied that either Boyle or Gormally had a gun; that there was any attempt to rob or cause physical injuries to the defendant; that defendant was acting in self-defense and that defendant was acting in the performance of his duties at the time he shot Boyle when he was on a public street in said city.

On April 7, 1936, the jury returned a verdict for the plaintiff in the sum of $4,000. It allowed actual damages in the sum of $1,500 and exemplary damages in the sum of $2,500. The defendant filed a motion for a new trial and exceptions to instructions. On August 6, 1936, the following order was entered:

"Now, to wit, August 6th, 1936, the Motion for a New Trial and Exceptions to Instructions of the Court having heretofore been argued and submitted to the Court and taken under advisement by the Court, the Hon. Miles W. Newby, Judge, Presiding, the Court finds that it erred in submitting to the jury the item of exemplary or punitive damages, therefore,

"It is ordered by the Court that unless the plaintiff files a remittitur in the sum of $2500.00 remitting from the Verdict of the Jury the exemplary damages by September 7th, a new trial will be granted, to which all parties except."

Subsequently, the plaintiff remitted the sum of $2,500, being the amount of exemplary damages awarded plaintiff by the jury.

I. The first assignment of error is that the court erred in submitting the question of exemplary damages to the

jury because the action was not commenced by James Boyle, but was commenced by the administrator of his estate.

Code sections 10957–10959, providing respectively for the survival of actions and for actions by or against legal representatives, do not create a cause of action for wrongful death, but abrogate the common-law rule that an existing cause of action was terminated by the death of the party entitled to recover. The original cause of action that accrued to the injured party in his lifetime survives. Code section 10959 provides that "such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived." Flynn v. R. R. Co., 159 Iowa 571, 141 N. W. 401, 45 L. R. A. (N. S.) 1098; Dwyer v. R. R. Co., 84 Iowa 479, 51 N. W. 244, 35 Am. St. Rep. 322; M'Coullough v. R. R. Co., 160 Iowa 524, 142 N. W. 67, 47 L. R. A. (N. S.) 23.

▉▉ The measure of damages is not the same in actions commenced by the injured party and in actions commenced by his administrator. If brought by the injured party, it is to right the wrong done to him. If brought by the administrator, it is for the purpose of repairing the damages to his estate. In the latter case, the measure of recovery is the reasonable present value of his life to his estate. Union Mill v. Prenzler, 100 Iowa 540, 69 N. W. 876; Dwyer v. R. R. Co., supra; Cerny v. Secor, 211 Iowa 1232, 234 N. W. 193; Shutes v. Weeks, 220 Iowa 616, 262 N. W. 518.

If the action is commenced by the administrator he cannot recover for loss or pain and suffering sustained by the deceased. Flynn v. R. R. Co., 159 Iowa 571, 141 N. W. 401, 45 L. R. A. (N. S.) 1098; Dwyer v. R. R. Co., 84 Iowa 479, 51 N. W. 244, 35 Am. St. Rep. 322; Droullard v. Rudolph, 207 Iowa 367, 223 N. W. 100.

Recognizing this distinction in the measure of damages, we held in the case of Union Mill Co. v. Prenzler, 100 Iowa 540, 69 N. W. 876, that if the action is brought by the person injured, and he dies during the pendency of the action, his administrator may recover exemplary damages, but if the action is commenced by the administrator after the death of the injured party, such damages are not permissible. See Armbruster v. R. R. Co., 166 Iowa 155, at page 163, 147 N. W. 337.

This court is committed to the rule that a personal repre-

sentative is limited to a recovery of damages to the estate of the decedent. This action having been commenced by the administrator of the estate of decedent, the trial court erred in submitting the question of exemplary damages to the jury.

■■■ The remaining inquiry is, Did the remittitur of all exemplary damages cure the error?

If the damages awarded are excessive and show prejudice and passion the entire verdict is vitiated, a new trial should be granted and a remission will not cure the error. Haines v. Welker & Co., 182 Iowa 431, 165 N. W. 1027; Ahrens v. Fenton, 138 Iowa 559, 115 N. W. 233; Brause v. Brause, 190 Iowa 329, 177 N. W. 65.

The amount of the exemplary damages was peculiarly within the discretion of the jury and the verdict will not be disturbed unless the "conclusion is irresistible that the amount is so great as to evince prejudice on the part of the jury." Saunders v. Mullen, 66 Iowa 728, 24 N. W. 529; Brause v. Brause, 190 Iowa 329, 177 N. W. 65; Reutkemeier v. Nolte, 179 Iowa 342, 161 N. W. 290, L. R. A. 1917D, 273; Gregory v. Sorenson, 214 Iowa 1374, 242 N. W. 91.

We conclude that the total amount of damages awarded by the jury and the difference between the actual damages and punitive damages allowed are not so palpably excessive as to justify a holding that the verdict was the result of passion and prejudice; also, the evidence indicating malice was admissible on the question of actual damages. It follows that the verdict for actual damages was not affected by the submission of the question of exemplary damages to the jury and the error was cured by the remittitur.

■■■ II. The trial court instructed the jury on the law of self-defense in instructions seven and eight, the material portions of which are as follows:

"When the life of one attacked is in imminent danger, or he is in imminent danger of great bodily harm, or when from the attacks of his assailant he believes or has reasonable ground as a cautious man to believe, that he is in imminent danger of losing his life or of receiving great bodily harm from his assailant, the right of the party attacked to defend himself from such danger or apprehended danger may be exercised by him, and he may use that right to the extent which a reasonably cautious

and courageous man would deem necessary under the same or similar circumstances.

"If the death of his assailant results from the reasonable defense of himself, as in this paragraph explained, he is excused for his act and cannot be held to account for damages.

"Par. 8. And so in connection with the last preceding paragraph you are instructed that if * * * it then and there reasonably appeared to the said Bornholtz as a reasonably cautious and courageous man he was in imminent danger of losing his life or of receiving great personal injury at the hands of the said James Boyle, and that the said defendant fired the shots in the protection of his life or person, while he was under the impression as a reasonably cautious and courageous man, that he was in imminent peril of losing his life or of receiving some serious personal injury to himself, then if you so find your verdict will be for the defendant. But if you do not so find or you are satisfied from the facts and circumstances shown by the evidence upon the trial that the defendant used greater force or more hazardous means to protect his life or person than reasonably appeared necessary to him as a cautious and courageous man under the same or similar circumstances, then the act of the defendant was unlawful and the defendant would fail on this phase of his defense."

Defendant's criticism of these instructions is as follows:

"The Court erred in giving instructions numbered seven and eight in that the Court stated that the degree of force which the defendant Bornholtz could use in defending himself was to be based on what a reasonably cautious and courageous man would do under similar circumstances, and thus placed a higher and different standard upon the defendant in this case than required by the decisions of this Court."

Defendant also complains that the court in said instructions stated that the measure of the force used by Bornholtz was to be compared to that which a cautious and courageous man would use under similar circumstances.

The defendant had the right to use such force as appeared to him as a reasonably prudent, courageous, cautious man, to be necessary under the circumstances. The facts as they appeared to defendant must have justified a reasonable belief that

there was a necessity for the force used. State v. Sterrett, 68 Iowa 76, 25 N. W. 936; State v. Shreves, 81 Iowa 615, 47 N. W. 899; Beck v. Scott, 185 Iowa 401, 170 N. W. 770; State v Metcalfe, 203 Iowa 155, 212 N. W. 382. In the case of State v. Metcalfe, 203 Iowa 155, on page 168, 212 N. W. 382, 388, we stated:

"All the authorities agree that the criterion of *necessity* which justifies the use of force by the injured property owner is the *apparent necessity*, and not the actual necessity. The necessity in fact may have been not so imminent as the injured property owner reasonably and in good faith believed it to be. He is to be judged, however, by what he himself, as a reasonably prudent man, in good faith, in the light of all the circumstances surrounding him, reasonably believed his necessity to be."

In the latter part of instruction eight, the court stated that defendant could not use greater force "than reasonably appeared necessary to him as a cautious, courageous man." Defendant complains that this part of the instruction burdened him with a higher standard of action and a greater responsibility than required by our decisions, and that he was entitled to use such force as appeared necessary to a *reasonably* cautious and courageous man.

While the sentence complained of is inaccurate, the trial court in other paragraphs in the said instructions and in the charge correctly stated the rule and the inadvertent omission of the qualifying word "reasonably" in said sentence was not prejudicial to the defendant and did not constitute reversible error.

 III. Appellant also contends that the court erred in not requiring the plaintiff to elect whether he was basing his cause of action upon the alleged wrongful acts of the defendant as an individual or in his capacity as a merchant policeman of Sioux City.

The plaintiff alleged in his petition that the defendant was a regular merchant policeman; that the defendant shot James Boyle without provocation or excuse; that there was no evidence of a crime being committed, nor was defendant attempting to arrest either of the boys. The petition apparently intends to state, and does state, a cause of action against the defendant as a peace officer.

In his answer, the defendant stated that he shot while acting lawfully in line with his duties as a night watchman and merchant policeman. Defendant in his testimony does not claim that Boyle and Gormally were attempting to rob or enter or harm the property he was hired to protect. He claims that he shot Boyle in self-defense while repelling the attack.

The plaintiff filed a reply in which he denied that the defendant, at the time and place in question, acted in the performance of his duties as a merchant policeman and watchman.

While the reply contained allegations which were inconsistent with the statements in the petition that the defendant was acting as a peace officer, such departure cannot change, add to or enlarge the cause of action alleged in the petition. The function of a reply is to avoid matter alleged in the answer or make an issue when a counter-claim is alleged. Code sections 11156, 11157; Marder v. Wright, 70 Iowa 42, 29 N. W. 799; Hunt v. Johnston, 105 Iowa 311, 75 N. W. 103; Stapp & Hendrick v. Godfrey, 158 Iowa 376, 139 N. W. 893; Head v. Hale, 178 Iowa 69, 159 N. W. 598.

The defendant did not attack the reply in any manner. The plaintiff having alleged but one cause of action in his petition, there was no occasion for an election.

Furthermore, defendant's only defense was self-defense and under this record he had no different or greater rights in the exercise of this defense as a peace officer than he had as an individual. The trial court instructed the jury on defendant's right to defend himself both as a peace officer and as an individual, and no prejudice resulted to defendant because of the reply. We find no error in this assignment.

IV. Another assignment of error is that the court erred in giving instruction ten because it contained an incorrect statement of the defenses to be proved by the defendant in order to entitle him to a verdict.

Instruction nine told the jury of defendant's right to defend himself as a peace officer against the attack and attempted robbery. The first paragraph of instruction nine reads as follows:

Par. 9. "You are told that one who attempts to hold up and rob a peace officer warrants the peace officer in making resistance sufficient to prevent the offense or to arrest the

person attempting such an offense, and such officer has the right to resist force by force, and such officer would be justified in using sufficient force and means to compel such offender to desist or submit to arrest, the nature of the resistance however, must have regard to the nature of the offense attempted or about to be committed.''

The trial court supplemented this instruction with the following instruction ten:

Par. 10. ''So, in connection with the last preceding paragraph you are instructed that if the defendant has proven to you by a preponderance of the evidence that the said James Boyle, alone or with one Jack Gormally, attempted to hold up and rob the said defendant Bornholtz at said time and place, and you further find that said defendant was warranted in making resistance sufficient to prevent the attempted crime, if one was attempted, and that he had reasonable apprehension of peril to his own life or of suffering great bodily harm, and acting as a reasonably cautious and courageous man would have done under the same or similar circumstances he believed or had reasonable grounds to believe it was necessary to use the force and means he did use to compel the said James Boyle to desist, then he was justified in doing the shooting and the plaintiff cannot recover damages in this action and your verdict will be for the defendant. However, if you do not so find on this ground of defense the defendant must fail as to this claim.''

■■■ Defendant's objection to this instruction is that it required him to establish all of the following propositions by a preponderance of the evidence in order to avoid liability:

1. That the said James Boyle was attempting to hold up and rob the said defendant Bornholtz,

2. That he was reasonably apprehensive of peril to his own life,

3. That he was acting as a reasonably cautious and courageous man would have done under the same circumstances, and

4. That the defendant had reasonable grounds to believe that it was necessary to use the force and means he did use.

Defendant states that ''it was not necessary for the defendant to prove all four of said requirements in order to justify and excuse his acts, and, therefore, this instruction advised the

jury that the defendant must prove all four of said matters in order to relieve him of liability and responsibility in the case when, as a matter of law, it was not necessary that the defendant prove the said four concurrent matters as the proof of any one or more of said matters was sufficient as a matter of law to relieve the defendant from liability.''

The defendant had the burden of establishing his affirmative defense that he shot Boyle in self-defense while resisting the attack and attempted robbery. Instruction ten correctly requires the defendant to establish his affirmative defense as alleged in his answer and in harmony with his theory of the case. We find no error in the instruction.

V. Defendant urges that instructions five and six are in conflict with instructions nine and ten, because instructions five and six place the burden upon the plaintiff of proving certain matters and instructions nine and ten place the burden on defendant of proving certain matters.

A reading of the instructions complained of discloses that there is no merit in this assignment.

■■■ VI. The defendant further contends that ''the court erred by overruling the motion of the defendant to strike from the testimony of the witness Gormally all questions and answers tending to contradict the judgment and order of the District Court of Woodbury County, Iowa, entered in the case of State of Iowa, plaintiff, v. Jack Gormally, defendant, on March 23, 1936, and which judgment and order is recorded in District Court Record No. 159, page 238, for the reasons that the said Gormally was bound by the said judgment and order of said Court entered in said cause and should not have been permitted to have introduced testimony to contradict, vary or alter the terms of said judgment and order referred to.''

Jack Gormally testified for the plaintiff that at the time and place in question he and Boyle were trying to scare the defendant and did not go there to rob him and made no attack on him.

In January, 1936, an indictment was returned against Gormally charging him with an assault with a deadly weapon on defendant with a specific intent to rob.

Defendant introduced into the evidence Gormally's plea of guilty and then moved to strike from the record the testimony

of the witness Gormally which tended to contradict the plea of guilty which motion was overruled.

The trial court was right in overruling the motion. The plea of guilty was conclusive only in the criminal case. In the trial of a civil action the plea is not conclusive and is admissible in evidence as an admission. Crawford v. Bergen, 91 Iowa 675, 60 N. W. 205; Jones v. Cooper, 97 Iowa 735, 65 N. W. 1000; Hauser v. Griffith, 102 Iowa 215, 71 N. W. 223; Swan v. Philleo, 194 Iowa 790, 190 N. W. 406.

The evidence was sufficient to sustain the verdict and finding no reversible error the case is affirmed.—Affirmed.

SAGER, PARSONS, DONEGAN, ANDERSON, and KINTZINGER, JJ., concur.