[Civ. No. 34645. First Dist., Div. Four. Apr. 22, 1975.]

KENNETH DWIGHT DUNWOODY, as Executor, etc.,
Plaintiff and Appellant, v.
RICHARD H. TRAPNELL et al., Defendants and Respondents.

### COUNSEL

Charles O. Morgan, Jr., and George G. Nagle for Plaintiff and Appellant.

Richard M. Sangster, Frank A. Jelinch, Bledsoe, Smith, Cathcart, Boyd & Eliot and James R. Ritchie for Defendants and Respondents.

### OPINION

**CHRISTIAN, J.**—The appeal is from judgments of dismissal which were entered after the court sustained, without leave to amend, the demurrers of two medical defendants in this malpractice action. The question presented in the appeal is whether a claim for punitive damages can, under Probate Code section 573, survive and be prosecuted after the injured person's death by the personal representative.

The complaint of appellant, executor of the estate of Kenneth Hall Dunwoody, alleges the following facts: Dunwoody was admitted to St. Francis Memorial Hospital in San Francisco for treatment of agitated depression. Defendants-respondents, physicians employed by the hospital, administered electrical shock treatments to Dunwoody which caused him to die on the same day. Appellant further alleges that respondents had wilfully concealed from Dunwoody the nature and risks of electrical shock treatment; that respondents administered the treatment without Dunwoody's voluntary and knowing consent (an alleged battery); and that respondents had been instructed not to administer the treatment without the consent of both Dunwoody and his family as Dunwoody had a cardiac condition. Appellant also alleges that respondents intentionally

misrepresented to Dunwoody and his family that no electro-shock treatment would be administered without their consent.

In the first two of the five causes of action, the heirs of the decedent sought damages for his wrongful death. Those causes of action are not involved in this appeal. In the third through fifth causes of action, appellant, as executor, sought punitive damages for the various intentional torts alleged.

█ Appellant contends that, as executor of the estate of Kenneth Hall Dunwoody, he is a proper party to seek recovery of punitive damages under Probate Code section 573.[1] As appellant emphasizes, the statute explicitly permits survival of a claim for punitive damages. Respondents suggest, however, that section 573 expresses a legislative intention to allow a plaintiff's cause of action to survive, and with it the possibility of punitive damages, only where the action was pending at the time of plaintiff's death. *Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69 [38 Cal.Rptr. 490, 8 A.L.R.3d 629], is cited as permitting the survival of a personal injury action that had been commenced before plaintiff's death. The holding in *Herrero* is too narrow, of itself, to determine the disposition of the present case: *Herrero* does not settle the question whether a cause of action survives, to be prosecuted by the personal representative, when the action was *not* pending at decedent's death.

Respondents also point to the provision in section 573 that "When a person having a cause of action dies before judgment," punitive damages may be recoverable by his executor. The phrase "dies before judgment"

---

[1]Probate Code section 573:

"Except as provided in this section no cause of action shall be lost by reason of the death of any person but may be maintained by or against his executor or administrator.

In an action brought under this section against an executor or administrator all damages may be awarded which might have been recovered against the decedent had he lived except damages awardable under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

When a person having a cause of action dies before judgment, the damages recoverable by his executor or administrator are limited to such loss or damage as the decedent sustained or incurred prior to his death, *including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had he lived,* and shall not include damages for pain, suffering or disfigurement.

This section is applicable where a loss or damage occurs simultaneously with or after the death of a person who would have been liable therefor if his death had not preceded or occurred simultaneously with the loss or damage.

Nothing in this section shall be construed as making assignable things in action which are of such a nature as not to have been assignable prior to the enactment of the 1961 amendment to this section." (Italics added.)

arguably implies, in harmony with *Herrero, supra,* that a claim for punitive damages does not survive unless the decedent has already commenced an action seeking punitive damages before he died.

The history of section 573 is indicative of the Legislature's intent. The predecessor to section 573, Civil Code section 956 (repealed in 1961 when Prob. Code, § 573 was enacted),[2] disallowed recovery of punitive damages by a decedent's personal representative. Shortly before the enactment of section 573, a study by the California Law Revision Commission recommended that the nonsurvival of punitive damages in section 956 be continued. (Cal. Law Revision Com., Recommendation and Study Relating to Survival of Actions (Oct. 1960) F5.)

Rejecting the commission's recommendation, the Legislature explicitly allowed the survival of punitive damages in section 573. The statute contains nothing to suggest that survival is dependent upon the injured person's having filed suit before death. Thus, it appears that the Legislature intended to change the former rule and to provide expressly for survival of punitive damage claims.

The judgments are reversed with directions to overrule the demurrers.

Caldecott, P. J., and Rattigan, J., concurred.

---

[2]Civil Code section 956 (repealed 1961):

"A thing in action arising out of a wrong which results in physical injury to the person or out of a statute imposing liability for such injury shall not abate by reason of the death of the wrongdoer or any other person liable for damages for such injury, nor by reason of the death of the person injured or of any other person who owns any such thing in action. When the person entitled to maintain such an action dies before judgment, the damages recoverable for such injury shall be limited to loss of earnings and expenses sustained or incurred as a result of the injury by the deceased prior to his death, and shall not include damages for pain, suffering or disfigurement, nor punitive or exemplary damages, nor prospective profits or earnings after the date of death. The damages recovered shall form part of the estate of the deceased. Nothing in this article shall be construed as making such a thing in action assignable."