[Civ. No. 37044. First Dist., Div. Four. Apr. 2, 1976.]

STENCEL AERO ENGINEERING CORPORATION et al.,
Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
MICHAEL AUSTIN McCARTHY, a Minor, etc., et al.,
Real Parties in Interest.

## COUNSEL

Lillick McHose & Charles, H. Donald Harris, Jr., James R. Thompson, Sedgwick, Detert, Moran & Arnold, Kevin J. Dunne, Severson, Werson, Berke & Melchior and George T. Lenahan for Petitioners.

No appearance for Respondent.

Abramson & Bianco, Albert R. Abramson and William B. Smith for Real Parties in Interest.

## OPINION

**RATTIGAN, J.**—This proceeding originates on the amended complaint in an action for damages which is pending in respondent court. According to the pleading (hereinafter the "complaint"), Anthony J. McCarthy was killed in an airplane accident on April 14, 1972. The plaintiffs in the action (and real parties in interest herein) are his widow and his minor son, who sue as his "heirs," and Mary Linn, who sues as the special administratrix of his estate. The defendants are the three petitioners herein (Stencel Aero Engineering Corporation [hereinafter "Stencel Aero"], Steinthal & Company, Inc., and Hi-Tek Corporation), Curtiss-Wright Corporation, McDonnell Douglas Corporation, and fictitious defendants identified as "Does," all of whom are collectively alleged to have been the manufacturers of the aircraft involved and of its component parts.

Petitioners seek a writ of mandate requiring respondent court to vacate its order denying, and further requiring it to grant, a motion for judgment on the pleadings as to a single count of the complaint in which the plaintiffs seek punitive damages. The challenged order operated to permit the proof and recovery of punitive damages in the action by all three plaintiffs. The effect of the writ sought would bar the recovery of punitive damages by any plaintiff. These opposing prospects, and the question presented by the petition, are framed in the format of the full complaint, in which compensatory and punitive damages are pleaded in five counts and by the plaintiffs severally and jointly, as next indicated. The complaint is drafted in conventional legalese, it is long and detailed, and it extensively incorporates allegations from some counts into others. We refrain from quoting it for these reasons, and summarize its five counts by paraphrasing them as follows:

Each count is designated by number as a "Count And Theory of Liability." In the first three, the heirs of the decedent seek to recover damages from the defendants for his allegedly wrongful death in the airplane accident of April 14, 1972. In each of these counts, the two heirs allege that they jointly sustained general damages in the amount of $2 million for the loss of decedent's "care, comfort, society, protection, and support." The widow also alleges compensable damages ($700) incurred for his funeral and burial expenses. Each of the three counts pleads a separate theory of defendants' liability for having allegedly caused the fatal accident as manufacturers of the aircraft and its component parts.[1] From the nature of the damages pleaded, however, it is apparent that each of these counts is based upon the heirs' claimed entitlement to compensatory damages for the decedent's allegedly wrongful death pursuant to Code of Civil Procedure section 377.[2]

In the fourth count, the special administratrix seeks $200 in compensatory damages, from the same defendants and upon the same multiple theories of their liability (all of which are combined in the fourth count stated as a single cause of action), for a property damage loss alleged to have been incurred in that amount, *by the decedent,* in the same accident in which he died but *before* his death actually occurred.[3] The fourth count is thus pursued by his personal representative upon the theories that the decedent held the $200 cause of action in his lifetime, against the defendants and upon each and all of the several theories of their alleged liability as pleaded by the heirs (see fn. 1, *ante*); that the $200 cause (or

---

[1]The three theories are the defendants' negligence in the design, manufacture and related aspects of the aircraft and its components (first count), their strict liability in tort because the aircraft and components were "defective" in these respects (second count), and their liability for breach of warranty in the same respects (third count).

[2]As pertinent here, section 377 provides: "When the death of a person not being a minor . . . is caused by the wrongful act or neglect of another, his heirs . . . , or personal representatives on their behalf may maintain an action for damages against the person causing the death . . . . In every action under this section, such damages may be given as under all the circumstances of the case, may be just, *but shall not include damages recoverable under Section 573 of the Probate Code. . .*. Any action brought by the personal representatives of the decedent pursuant to the provisions of Section 573 of the Probate Code *may be joined* with an action arising out of the same wrongful act or neglect brought pursuant to the provisions of this section. . . ." (Italics added. Prob. Code, § 573 is quoted in fn. 4, *post.*)

[3]The fourth count is explicit as to the timing of the decedent's alleged property damage loss; the special administratrix alleges in paragraph III thereof that "personal property of said deceased in the amount [sic] of $200 was destroyed *prior to his death.*" (Italics added.)

causes) of action survived him; and that the representative may accordingly sue upon it (or them) pursuant to Probate Code section 573.[4]

██ As will appear in further detail, Code of Civil Procedure section 377 precludes the decedent's heirs from recovering punitive damages for his wrongful death in the accident. (See both statutes as quoted in fns. 2 and 4, *ante; Lange* v. *Schoettler* (1896) 115 Cal. 388, 391 [47 P. 139]; *Pease* v. *Beech Aircraft Corp.* (1974) 38 Cal.App.3d 450, 460-462 [113 Cal.Rptr. 416].) ██ As will also appear in detail, however, Probate Code section 573 permits his personal representative to recover punitive damages upon the $200 cause of action if it in fact arose in his lifetime, if it survived him, and if he could have recovered punitive damages on it had he lived. (See § 573 as quoted in fn. 4, *ante; Pease* v. *Beech Aircraft Corp., supra,* at p. 460; *Dunwoody* v. *Trapnell* (1975) 47 Cal.App.3d 367, 368 [120 Cal.Rptr. 859].)

These distinctions present the question in the fifth count of the complaint, in which the heirs and the personal representative jointly replead various allegations of the first four counts, by reference, and further allege that all three of them are *jointly* entitled to recover $10 million in punitive damages. According to the sum of its allegations as incorporated by reference and as expressly pleaded, the fifth count alleges their right to recover punitive damages (1) from the same defendants who were theretofore alleged to have caused both the wrongful death and the decedent's property damage loss in the one accident (2) under two of the three theories of their liability previously pleaded (strict liability in tort and breach of warranty, but not negligence: see fn. 1, *ante*), and (3) upon the property damage cause of action which the decedent inferably held in his lifetime, and which inferably survived him, by reason of the allegation that his personal property was "destroyed" in the fatal accident, but "prior to his death." (See fn. 3, *ante.*)

---

[4]As pertinent here, section 573 states:

"Except as provided in this section no cause of action shall be lost by reason of the death of any person but may be maintained by or against his executor or administrator.

" . . . . . . . . . . . . . . . .

"When a person having a cause of action dies before judgment, the damages recoverable *by* his executor or administrator *are limited to such loss or damage as the decedent sustained or incurred prior to his death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had he lived, and shall not include damages for pain, suffering or disfigurement. . . .*" (Italics added.)

### The Motion for Judgment on the Pleadings

Petitioner Stencel Aero challenged the fifth count (only) by filing a "Notice Of Motion For Judgment On The Pleadings (Fifth Count and Theory of Liability)" in which it moved "for a Judgment in its favor . . . on the pleadings in this case, as to the Fifth Count and Theory of Liability of . . . [the] . . . complaint on file herein." Various materials filed on the motion, both in support and opposition, are hereinafter discussed. (See fn. 6, *post.*) Respondent court denied the motion by minute order, without explanation or comment. Petitioners thereupon commenced the present proceeding.

### The Propriety of This Proceeding

As indicated above, real parties' claimed entitlement to punitive damages is isolated in the fifth count against which the motion for judgment on the pleadings was made; and the effect of respondent court's denial of the motion is to permit the recovery of punitive damages in the action. If petitioners were to obtain the full relief sought in the present proceeding, the recovery of such damages by any plaintiff would be barred. The question whether they are recoverable, or not, will have a material effect upon the scope of the issues to be tried and of permissible pretrial discovery in such matters as the wealth of the defendants. (See *Coy* v. *Superior Court* (1962) 58 Cal.2d 210, 222-223 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678]; *Bertero* v. *National General Corp.* (1974) 13 Cal.3d 43, 65 [118 Cal.Rptr. 184, 529 P.2d 608, 65 A.L.R.3d 878].) We therefore deem this to be one of the exceptional cases in which we are warranted in considering a petition for mandate although it involves the pleadings in a pending action and arises at a pretrial stage thereof. (See *Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *G. D. Searle & Co.* v. *Superior Court* (1975) 49 Cal.App.3d 22, 24 [122 Cal.Rptr. 218].)

### Petitioners' Contention

As was expressed to respondent court on the motion for judgment on the pleadings, petitioners contend that punitive damages are not recoverable by any plaintiff in real parties' action.[5] The contention rests

---

[5]This summary of petitioners' contention defines the scope of the present proceeding. The questions whether the fifth count has *sufficiently* pleaded the entitlement of any real party in interest to recover punitive damages, or whether such entitlement has been *properly* pleaded in conjunction with the two theories of liability upon which the fifth

upon the two premises (1) that the decedent's heirs may neither plead nor recover punitive damages for his wrongful death in the fatal accident and (2) that Probate Code section 573 bars the recovery of punitive damages by his personal representative, upon the decedent's $200 property damage loss, because that loss occurred in the same accident. For the reasons next stated, we have concluded that the first premise is valid as to the heirs' entitlement to plead punitive damages, but that the second one fails as to the personal representative's right to do so: we grant qualified relief accordingly.

*Discussion*

■ Petitioners' first premise is valid because Code of Civil Procedure section 377, which defines the damages recoverable for the decedent's allegedly wrongful death, excludes any "damages recoverable under Section 573 of the Probate Code." (See § 377 as quoted in fn. 2, *ante.*) Damages "recoverable" under section 573 may be awarded to the decedent's "executor or administrator" only, and they include "such loss or damage as the decedent *sustained or incurred prior to his death, including any . . . punitive or exemplary damages that the decedent would have been entitled to recover had he lived . . . .*" (See § 573 as quoted in fn. 4, *ante* [italics again added].)

Punitive damages "recoverable" under section 573 are therefore among the damages which are not "recoverable" by the heirs pursuant to section 377, and they may not be pleaded by the heirs in the present case. (*Lange* v. *Schoettler, supra,* 115 Cal. 388 at p. 391; *Pease* v. *Beech Aircraft Corp., supra,* 38 Cal.App.3d 450 at pp. 460-462.) The motion for judgment on the pleadings as to the fifth count, which was in the nature of a general demurrer to it (see 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, §§ 161-162, pp. 2816-2818), was accordingly good against the heirs and it should have been granted as to them.

■ Petitioners' second premise—that the decedent's personal representative may not recover punitive damages because the $200 property-damage cause of action upon which they are pleaded arose in the same accident in which the wrongful death occurred—is based upon a holding in *Pease* v. *Beech Aircraft Corp., supra,* 38 Cal.App.3d 450. In that case, the pilot and three passengers of an airplane were killed when it crashed

count is based, are not before us. The issues are whether any real party in interest, and which one, may plead such entitlement at all.

and was destroyed in takeoff. (*Id.,* at pp. 453, 456-457.) Actions were brought for their alleged wrongful deaths, by the heirs of each decedent, against the manufacturer of the aircraft. (Pp. 453-454.) At a trial of the actions as thereafter consolidated, the jury returned verdicts awarding both compensatory and punitive damages to the various heirs against the defendant manufacturer. (P. 454.) Insofar as is pertinent here, the heirs appealed from the trial court's order granting the defendant's motion for a new trial on the issue of punitive damages. (*Ibid.*)

Affirming the order (*Pease v. Beech Aircraft Corp., supra,* 38 Cal.App.3d 450 at p. 474), the Court of Appeal cited and quoted an express stipulation of the parties as follows: "As to the *time and cause* of the deaths . . . [of the four decedents] . . . , it was stipulated '*they died as a result of this accident and in this accident.*'" (*Id.,* at p. 456 [italics added].) Speaking to the appellants' arguments, and further addressing the facts in part, the court stated: "The theory upon which punitive damages were sought by the estates of the four decedents was that *personal effects* of each of the four were *destroyed in the crash of the airplane,* and that a cause of action for such loss arose in favor of each of the four decedents during his lifetime *which survived him. In view of the* [above-quoted] *stipulation as to the cause and time of the deaths,* it must be said *no cause of action arose during the lifetime of any of the four for damage to personal property. Therefore, no such cause of action survived.* . . . Under [Probate Code] section 573, . . . punitive damages in favor of the personal representative are limited to those *sustained or incurred prior to death;* . . . if the *tortfeasor's* death occurs *simultaneously* with the loss or damage caused by him, the cause of action may be enforced against his estate, but there is no similar provision declaring *a survivable cause of action* in favor of a decedent whose death occurs *simultaneously with the loss of or damage to his personal property.*" (Pp. 459-460 [italics added, fn. omitted].)

The parallel situations are patent, between the facts in *Pease* as *stipulated* and those in the present action as *pleaded,* but so is the distinction. The stipulation in *Pease* was to the effect that the lives *and* property of the decedents were lost "simultaneously" in the airplane accident involved; the language last quoted from the decision unmistakably demonstrates that the *Pease* court so interpreted it. We are not here reviewing facts in retrospect, proved or stipulated, as that court was required to do. We are reviewing facts *as pleaded on the face* of the fifth

count, beyond which the motion for judgment on the pleadings did not reach except for matters of which respondent court might properly have taken judicial notice. (4 Witkin, Procedure, *op. cit. supra,* Proceedings Without Trial, § 162, pp. 2817-2818. See fn. 6, *post.*)

On its face, the count alleged that the underlying loss of the decedent's "personal property" occurred "prior to his death." (See fn. 3, *ante.*) We deem this an allegation of ultimate fact which was effective, for purposes of pleading and the motion, to establish that a cause of action for the loss arose in favor of the decedent "prior to his death" (and not "simultaneously" with the death, as in *Pease*), that it survived him, that it was properly pleaded by his personal representative, and that she was entitled to plead punitive damages upon it and to prove such damages if she can. (See Civ. Code, § 3294; Prob. Code, § 573, as quoted in fn. 4, *ante; Dunwoody* v. *Trapnell, supra,* 47 Cal.App.3d 367 at p. 368.) ■■ ■■■ The motion for judgment on the pleadings was therefore ineffective against the fifth count, viewed as to her and on its face.[6] ■ It follows that, subject to the problem posed by the obvious misjoinder of the plaintiff heirs in that count, respondent court properly denied the motion as to the special administratrix.

---

[6]Because we refer to the sufficiency of the fifth count "on its face" as against the motion, we may appropriately comment at this point upon the showing made on the motion by Stencel Aero, as the moving party, and by real parties in interest. In support of the motion, Stencel Aero filed a memorandum of points and authorities in which, with extensive legal argument, it recited a narrative version of the fatal aircraft accident and quoted certain written responses theretofore given by real parties in interest (quoted as "plaintiffs") to requests for admissions and written interrogatories put to them by one or more of the defendants in the action. Stencel Aero also filed a sworn declaration, by its counsel, in which he authenticated the written responses mentioned. The declaration was not addressed to the narrative account of the accident, and did not reach it. In opposition to the motion, real parties filed a memorandum of points and authorities in which they stated their version (also unsworn) of the circumstances of the accident.

The written responses cited by Stencel Aero were appropriately authenticated under the oath of its counsel. They were thus submitted to the trial court as *extrinsic evidence* on the motion for judgment on the pleadings as to the fifth count. This procedure made the motion a "speaking" motion or, in effect, the equivalent of a general demurrer to the fifth count founded upon matters which were outside the challenged pleading but which were competent evidence, once authenticated, because they appeared of record in respondent court and were therefore within the ambit of permissible judicial notice. (See Code Civ. Proc., § 430.30, subd. (a); 4 Witkin, Procedure, *op. cit. supra,* Proceedings Without Trial, § 162, pp. 2817-2818; 3 Witkin, *op cit.,* Pleading, §§ 328 [pp. 1995-1996], 798 [p. 2412], 854-855 [pp. 2456-2458].)

This is not true of the factual accounts submitted to the court by the parties to the motion. Neither is stated under oath, neither cites the record, each is manifestly a hypothetical statement of the "facts" as reconstructed by the author from sources beyond his personal knowledge, and neither was competent "evidence" for these reasons. (See

■ Petitioners may understandably be apprehensive at the possibility of a $10 million claim for punitive damages riding (so to speak) on a $200 cause of action for the destruction of the decedent's personal property. However, the possibility of undue prejudice in this regard may be minimized by respondent court's discretionary power to sever issues for trial as it may deem appropriate (Code Civ. Proc., § 1048, subd. (b).) Should the possibility appear to have materialized in the amount of any punitive damages actually awarded, such amount may be controlled by the trial court, or by a reviewing court, in due course. (See 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 868, p. 3156.) Moreover, the special administratrix bears the burden of proving that an evidence-supported interval of time elapsed between the property damage loss and the death of the decedent. (See fn. 6, *ante.*)

In light of our conclusions as to the relief to be granted, the writ hereinafter ordered will direct respondent court to vacate its order denying the motion for judgment on the pleadings as to the plaintiff widow and minor son, and to grant the motion as to them. ■ Because of the misjoinder problem mentioned above, the writ will further direct the court to order the complaint amended so that the decedent's special administratrix alone pleads punitive damages, and that she does so in association with the fourth count of the complaint as presently pleaded by her and with an appropriate theory or theories of liability. Since the court's action on the motion was correct as to the special administratrix, the relief prayed will be denied as to her.

---

Code Civ. Proc., §§ 2003, 2009. Compare *id.,* § 437c [relative to the content of affidavits on a motion for summary judgment].)

From the written responses mentioned, which may be considered as competent "evidence" on the motion as stated above, the following may reasonably be inferred: The accident involved a sequence of events which commenced while the decedent was piloting the aircraft in a taxiing movement on the ground. He was required to activate the ejection mechanism, which was designed to project him into the air to a point where his parachute would open and he would descend to the ground. His personal property (consisting of a wallet, a small "kit" containing personal articles, and a watch worn on his wrist) was damaged, by the rocket blast of the ejection mechanism, when he was projected from the aircraft. His parachute *thereafter* failed to open, and he was killed upon impact with the ground in a matter of seconds—no more, but no less—after his personal effects were damaged when he was projected from the aircraft.

We restate our conclusion that the fifth count of the complaint is good "on its face" against the motion for judgment on the pleadings. The only effect of the written responses filed in support of the motion is to portend the evidence which may be shown in support of the pleaded allegation that the decedent's personal property was "destroyed prior to his death" in the accident. (See fn. 3, *ante.*)

A peremptory writ of mandate will issue in the terms herein expressed. Except as expressed, the alternative writ heretofore issued is discharged and the petition is denied. Neither party shall recover costs herein.

Caldecott, P. J., and Emerson, J.,* concurred.

A petition for a rehearing was denied April 30, 1976, and the opinion was modified to read as printed above.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.