[Civ. No. 16050. Fourth Dist., Div. One. Aug. 29, 1978.]

CHARLES UMANSKY, Plaintiff and Appellant, v.
JOHN M. URQUHART et al., Defendants and Respondents.

**COUNSEL**

Hassard, Bonnington, Rogers & Huber, David E. Willet, A. Robert Singer and William J. Bauer for Plaintiff and Appellant.

Stutz, McCormick & Mitchell and Sidney A. Stutz for Defendants and Respondents.

## OPINION

**WIENER, J.—** ■■■ This appeal raises the sole issue of whether the pleadings of a complaint against a physician requesting punitive damages for wrongful death, which failed to state a cause of action, can serve as the basis for the tort of abuse of process. For the reasons we set forth, we conclude the privilege of Civil Code section 47, subdivision 2 applies, and accordingly affirm the judgment in favor of defendants.

Charles Umansky (Umansky), a medical doctor, was sued in the superior court by the heirs of William L. Helton. The second cause of action of their complaint requested exemplary damages for the alleged malicious, intentional, wilful, wanton and reckless acts of the doctor which caused the wrongful death of the decedent. By stipulation an amended wrongful death complaint was filed which deleted their cause of action for punitive damages. Umansky then filed the present case for abuse of process against the attorneys of record for the plaintiffs in the Helton case. He alleged the lawyers caused the complaint to be filed even though the cause of action for punitive damages did not lie as a matter of law under Code of Civil Procedure section 377. He further alleged the purpose of causing the process to issue was to injure him in his professional reputation; was motivated by the improper and ulterior purpose of embarrassing him and to interrogate him as to his finances; and to pressure him into settling with the heirs. He also alleged he was entitled to damages because of his resultant loss of income and mental suffering. Each of the wrongful acts was done intentionally, wilfully, maliciously, and with a wanton disregard of his rights.

He now appeals from the judgment entered following the sustaining of a general demurrer by one defendant, and the successful motion for judgment on the pleadings on behalf of the other two defendants. We accept the allegations of the complaint, including those that arise by reasonable inference as true, and construe them liberally with a view to substantial justice. (See *King* v. *Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857]; *Jarchow* v. *Transamerica Title Ins. Co.* (1975) 48 Cal.App.3d 917, 932, fn. 5 [122 Cal.Rptr. 470].)

There is no need for us to elaborate on the historical development and the elements of the tort of abuse of process. (See *Weisenburg* v. *Molina* (1976) 58 Cal.App.3d 478 [129 Cal.Rptr. 813]; *Younger* v. *Solomon* (1974) 38 Cal.App.3d 289 [113 Cal.Rptr. 113]; *Barquis* v. *Merchants Collection Assn.* (1972) 7 Cal.3d 94 [101 Cal.Rptr. 745, 496 P.2d 817]; *Czap* v. *Credit Bureau of Santa Clara Valley* (1970) 7 Cal.App.3d 1 [86 Cal.Rptr. 417]; *Templeton Feed & Grain* v. *Ralston Purina* (1968) 69 Cal.2d 461 [72 Cal.Rptr. 344, 446 P.2d 152]; *Spellens* v. *Spellens* (1957) 49 Cal.2d 210 [317 P.2d 613]; *Tranchina* v. *Arcinas* (1947) 78 Cal.App.2d 522 [178 P.2d 65]; *Italian Star Line* v. *United States Shipping Board E. F. Corp.* (2d Cir. 1931) 53 F.2d 359, 361.)

■ "Process," interpreted broadly (see *Barquis* v. *Merchants Collection Assn., supra,* at p. 104, fn. 4), does include the filing of a complaint. It can mean either the original commencement of a suit or the processes issued collaterally, such as attachment. (See *Tellefsen* v. *Key System Transit Lines* (1961) 198 Cal.App.2d 611, 613 [9 Cal.Rptr. 299].)

■ A publication in a judicial proceeding is privileged. (Civ. Code, § 47, subd. 2.) It applies to abuse of process. (See *Twyford* v. *Twyford* (1976) 63 Cal.App.3d 916, 924-926 [134 Cal.Rptr. 145]; *Younger* v. *Solomon, supra,* 38 Cal.App.3d at p. 300; *Thornton* v. *Rhoden* (1966) 245 Cal.App.2d 80, 94 [53 Cal.Rptr. 706, 23 A.L.R.3d 1152].) However, even when the privilege is considered "absolute," the following conditions must be met before it can apply: (1) the publication was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law. (*Bradley* v. *Hartford Acc. & Indem. Co.* (1973) 30 Cal.App.3d 818, 825 [106 Cal.Rptr. 718].)

■ Plaintiff contends the subject pleading was not made to achieve the objects of litigation. Rather, it was made as part of a recommended technique to create pressure and an unfair advantage.

We recognize Code of Civil Procedure section 377 does limit the recovery of heirs who sue the person responsible for death on their own behalf for such damages which ". . . under all the circumstances of the case, may be just. . . ." It does not include damages recoverable under section 573 of the Probate Code. "Recoverable" damages in favor of the decedent's "executor or administrator" under Probate Code section 573 includes any ". . . [p]unitive or exemplary damages that the decedent

would have been entitled to recover had he lived. . . ." (Prob. Code, § 573.) The heirs under present law, when they bring an action on their own behalf, are not entitled to punitive damages. (See *Tarasoff* v. *Regents of University of California* (1976) 17 Cal.3d 425, 449 [131 Cal.Rptr. 14, 551 P.2d 334, 83 A.L.R.3d 1166]; *Stencel Aero Engineering Corp.* v. *Superior Court* (1976) 56 Cal.App.3d 978, 985 [128 Cal.Rptr. 691]; *Pease* v. *Beech Aircraft Corp.* (1974) 38 Cal.App.3d 450, pp. 460-462 [113 Cal.Rptr. 416]; cf. ·*Dunwoody* v. *Trapnell* (1975) 47 Cal.App.3d 367, 369-370 [120 Cal.Rptr. 859], permitting the *executor* to file and prosecute a claim for punitive damages after the injured person's death.)

The law, however, is not immutable. It remains in flux to allow for constructive change through the efforts of diligent and conscientious lawyers. It is through legal imagination and ingenuity in pleading that evolution of the law occurs. Whether we examine the law of torts and the development of strict liability for product defect (*Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]) or family law and the division of retirement benefits as community property (*In re Marriage of Brown* (1976) 15 Cal.3d 838 [126 Cal.Rptr. 633, 544 P.2d 561]), we note the effect of the dynamics of the legal process. Statutes which withstand constitutional challenge in one year may be declared unconstitutional in later years. (See *Schwalbe* v. *Jones* (1976) 16 Cal.3d 514 [128 Cal.Rptr. 321, 546 P.2d 1033]; and *Cooper* v. *Bray* (1978) 21 Cal.3d 841 [148 Cal.Rptr. 148, 582 P.2d 604].)

■■ The purpose of the privilege (Civ. Code, § 47, subd. 2) is to allow free access to the courts. (See *Albertson* v. *Raboff* (1956) 46 Cal.2d 375, 382 [295 P.2d 405].) It should be liberally construed. (*Thornton* v. *Rhoden, supra,* 245 Cal.App.2d 80, 87.) To decide otherwise would be to create an unnecessary chilling effect upon lawyers who are desirous of challenging the validity of statutes consistent with their professional responsibilities.

Whether Code of Civil Procedure section 377 is constitutionally valid in the context of its application to this case has yet to be resolved by any California appellate court. However, two federal trial judges have held the denial of punitive damages in wrongful death cases violates equal protection of the laws guaranteed by the United States and California Constitutions. (See *In re Paris Air Crash of March 3, 1974* (C.D.Cal. 1977) 427 F.Supp. 701.) We do not cite this case to indicate our approval of the decision, but only to illustrate that a cause of action for punitive damages against Umansky is consistent with the objects of that litigation and to

present that uncertain legal issue to the court for resolution. To conclude otherwise and leave the motive of counsel as a question of fact would be to deter lawyers in their legitimate quest for changes in the law.[1]

Judgment affirmed.

Brown (Gerald), P. J., and Staniforth, J., concurred.

---

[1] We do not address the issue of whether Umansky has an action for malicious prosecution. We also do not intend, by anything in this decision, to undercut the sanctions available to aggrieved persons for the failure of lawyers to follow the requirements of rule 2-110, Rules of Professional Conduct, which "subjects a lawyer to discipline when he presents a claim or defense in litigation that is not warranted under existing law unless it can be supported by good faith argument for an extension, modification or reversal of existing law." (See *Tool Research & Engineering Corp.* v. *Henigson* (1975) 46 Cal.App.3d 675, 683-684 [120 Cal.Rptr. 291].)