Michelle Deanne **BERENGER**, As Administrator of the Estate of Donald Dean Berenger, Deceased, Appellee,

v.

**L. R. FRINK, W. H. Myerly, and Spencer Municipal Hospital, Appellants.**

No. 65455.

Supreme Court of Iowa.

Jan. 20, 1982.

David E. Funkhouser and Jack Paige of Brown, Kinsey & Funkhouser, Mason City, and Francis Fitzgibbons of Fitzgibbons Brothers, Estherville, for appellants.

Mark S. Soldat of Soldat & Braun-schweig, Algona, for appellee.

McGIVERIN, Justice.

Pursuant to Iowa R.App.P. 2(a), defendants L. R. Frink, W. H. Myerly and Spencer Municipal Hospital applied for interlocutory appeal from trial court's denial of their motion for partial summary judgment. Plaintiff Michelle Deanne Berenger, as administrator of the estate of Donald Dean Berenger, deceased, applied for permission to appeal under the same rule. We granted both applications and now affirm trial court's denial of defendants' motion for partial summary judgment. However, we do so for a reason other than that relied on by trial court.

This case began when Donald Dean Berenger sustained injuries in a motor vehicle accident on August 18, 1978. He was admitted to defendant Spencer Municipal Hospital for treatment of his injuries. On August 19 defendants L. R. Frink and W. H. Myerly, licensed physicians who had been granted privileges to treat patients at defendant hospital, performed exploratory surgery upon Berenger's abdominal injuries. Berenger remained at the hospital under the care of these physicians until he discharged himself on August 26. On August 27 Berenger admitted himself to the Veterans Administration Hospital in Sioux Falls, South Dakota, and was treated for respiratory arrest. He was transferred to another hospital where abdominal surgery was performed. He died on August 28.

Plaintiff, as administrator of decedent's estate, brought a medical malpractice action in two counts against defendants on February 23, 1979. The first count sought recovery from defendant physicians, the second from the hospital. Plaintiff prayed for damages pursuant to section 619.18, The Code 1977.[1] The petition did not expressly seek punitive damages from any of the defendants although plaintiff alleged, *inter alia*, defendant hospital engaged in outrageous conduct with a reckless disregard of the probability of causing emotional distress to the decedent.

Plaintiff, in response to an interrogatory propounded by defendant hospital, stated that 25% of the hospital's assets were being sought as punitive damages. Plaintiff elaborated on the punitive damages claim in a supplemental response to the hospital's interrogatory by alleging the hospital committed the tort of intentional infliction of emotional distress. The parties assume plaintiff administrator is also seeking punitive damages against the defendant doctors.

All defendants moved for partial summary judgment, seeking dismissal of the claims for punitive damages raised by plaintiff. Defendants asserted that such a dismissal was proper because decedent had not brought an action for punitive damages before his death and the claim did not survive his death. Trial court denied the motion, finding that a motion for summary judgment was not an appropriate procedural mechanism to raise the question of law dealing with survival of the punitive damages claims.

Defendants' appeal presents the issue of whether a motion for summary judgment was appropriate to raise the question of survival of the punitive damage claim. Plaintiff's cross-appeal raises the issue of whether a decedent must bring an action for punitive damages before his death in order for that claim to survive. We resolve the issue raised by defendants' appeal favorably to defendants but find for plaintiff on the issue raised by the cross-appeal. Therefore, we affirm trial court's denial of summary judgment and remand for further proceedings consistent with this opinion.

1. Section 619.18, The Code, provides:
   In an action for personal injury or wrongful death against a physician and surgeon . . . licensed to practice that profession in this state, or against a hospital licensed for operation in this state, based upon the alleged negligence of the practitioner in the practice of the profession or occupation, or upon the alleged negligence of the hospital in patient care, the amount of money damages demanded shall not be stated in the petition, or original notice, or in any counterclaim or cross-petition.

I. *Proper motion to raise question of survival of punitive damages claim.* Defendants assert that a motion for summary judgment is an appropriate procedure to challenge plaintiff's right to seek punitive damages. We agree.

"Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Barnhill v. Davis*, 300 N.W.2d 104, 105 (Iowa 1981); Iowa R.Civ.P. 237(c). "Where the only conflict concerns legal consequences of undisputed, underlying facts, entry of summary judgment is proper." *Moser v. Thorp Sales Corp.*, 312 N.W.2d 881, 891 (Iowa 1981); *Ohlen v. Harriman*, 296 N.W.2d 794, 795 (Iowa 1980).

Defendants sought to have trial court apply the rule "that if the action is brought by the person injured, and he dies during the pendency of the action, his administrator may recover exemplary damages, but if the action is commenced by the administrator after the death of the injured party, such damages are not permissible." *Boyle v. Bornholtz*, 224 Iowa 90, 93, 275 N.W. 479, 482 (1937); see *DeMoss v. Walker*, 242 Iowa 911, 915–16, 48 N.W.2d 811, 813–14 (1951). The record considered by trial court indicated, without dispute, that plaintiff's decedent had not brought an action against defendants before his death. A motion for summary judgment, asking trial court to apply the rule in *Boyle* to the undisputed facts of this case, was an appropriate procedural mechanism.

Thus, trial court incorrectly found that a motion for summary judgment was an inappropriate procedural device to seek application of the *Boyle* rule. However, for the reasons stated in division II, defendants'

motion for partial summary judgment was properly overruled. The ruling was correct for a reason other than that relied on by the trial court. *See Citizens First National Bank v. Hoyt*, 297 N.W.2d 329, 332 (Iowa 1980).

II. *Survival of claims for punitive damages.* Defendants assert the continued vitality of the rule in *Boyle* that no punitive damages can be recovered by decedent's estate unless decedent brought an action to recover them before his death. We find this rule is inequitable in its operation and therefore overrule it.[2]

Section 611.20, The Code, provides: "All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same." Section 611.22 states:

> Any action contemplated in sections 611.-20 and 611.21 may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived.

These statutes "are survival acts which keep alive for the benefit of his estate the cause of action which the deceased prior to his death had for his personal injuries, but enlarging the elements of damage so as to include the injury to his estate by reason of the death." *Cardamon v. Iowa Lutheran Hospital*, 256 Iowa 506, 520, 128 N.W.2d 226, 235 (1964).

In *Boyle*, we found that punitive damages could be recovered by the estate of a deceased tort victim, but only if that victim

---

**2.** In its ruling on the motion for summary judgment, trial court indicated, in dicta, that it would enforce the *Boyle* rule and dismiss plaintiff's punitive damage claims if defendants could properly raise the issue. In the interests of avoiding a duplicitous appeal to this court, and with the approval of all parties who extensively briefed the merits of the punitive damage issue, we address the merits of the issue of retention of the *Boyle* rule to provide future guidance to the bench and bar. *See Wilson v.*

*Iowa State Highway Commission*, 249 Iowa 994, 1001, 90 N.W.2d 161, 166 (1958); *Nehring v. Smith*, 243 Iowa 225, 235, 49 N.W.2d 831, 837 (1951).

For a discussion on abandonment of the *Boyle* rule, see D. Ellis, *Punitive Damages in Iowa Law: A Critical Assessment*, 66 Iowa L.Rev. 1005, 1051–54 (1981); T. Riley, *Punitive Damages: The Doctrine of Just Enrichment*, 27 Drake L.Rev. 195, 204–06 (1978).

had brought an action to recover the punitive damages before death. 224 Iowa at 93, 275 N.W. at 482. Our holding in *Boyle* was underpinned by two arguments which, upon re-examination, we find no longer justify the rule.

■ First, we said:

The measure of damages is not the same in actions commenced by the injured party and in actions commenced by his administrator. If brought by the injured party, it is to right the wrong done to him. If brought by the administrator, it is for the purpose of repairing the damages to his estate. In the latter case, the measure of recovery is the reasonable present value of his life to the estate.

*Id.*, 275 N.W. at 482.[3] This justification based on compensatory damages unfortunately misses the mark as to punitive damages because of the nature of punitive damages. Punitive damages

are a species of punishment. They are awarded to the plaintiff in the discretion of the jury as a means of retaliation against the defendant for his anti-social conduct, as a means of preventing him from acting similarly in the future, and as a means of deterring others who might be so inclined.

*Syester v. Banta*, 257 Iowa 613, 627, 133 N.W.2d 666, 675 (1965). *See* Restatement (Second) of Torts § 908(1) (1979). The plaintiff "is the fortuitous beneficiary of such an award simply because there is no one else to receive it." *Katko v. Briney*, 183 N.W.2d 657, 662 (Iowa 1971). *See generally*, D. Ellis, *Punitive Damages in Iowa Law: A Critical Assessment*, 66 Iowa L.Rev. 1005, 1006–13 (1981). Punitive damages are not intended to be compensatory. *Meyer v. Nottger*, 241 N.W.2d 911, 922 (Iowa 1976); *Grefe v. Ross*, 231 N.W.2d 863, 868 (Iowa 1975). Thus, the discussion in *Boyle* as to the differing measure and purposes of damages when a suit is brought by

the injured party or the estate is irrelevant to punitive damages, which are designed to punish and deter, not to compensate.

■ A second analytical underpinning to the *Boyle* rule was that, "[i]f the action is commenced by the administrator he cannot recover for loss or pain and suffering sustained by the deceased .... Recognizing this distinction in the measure of damages, we [adopted the *Boyle* rule in an earlier case]." 224 Iowa at 93, 275 N.W. at 482. (citations omitted). The pain and suffering analogy no longer is applicable after *Fitzgerald v. Hale*, 247 Iowa 1194, 1205, 78 N.W.2d 509, 515 (1956), where we held that decedent's estate could recover damages for pain and suffering whether or not decedent brought an action to recover the same before his death. Thus, the two justifications in *Boyle* are no longer viable.

Because punitive damages serve to punish and deter, we find they are properly included elements of recovery whether or not the injured party seeks them in an action before his death. This conclusion has been reached in federal cases interpreting our survival statutes, sections 611.20–.22, The Code. In *Leahy v. Morgan*, 275 F.Supp. 424, 425 (N.D.Iowa 1967), the court said:

§§ 611.20–.22 is a true survival act, one which is intended to preserve those causes of action which existed at the time of the injured party's death. The public policy underlying exemplary damages is to punish the wrongdoer. Logic dictates that if a wrongdoer may be punished if his victim lives, then surely he should not escape retribution if his wrongful act causes a death.

That court overruled defendant's motion to strike and dismiss plaintiff administrator's prayer for exemplary damages, finding that the administrator could be awarded exemplary damages despite the fact the injured party died before the action was commenced. *Id.* at 426.

---

**3.** In *Wendelin v. Russell*, 259 Iowa 1152, 1156, 147 N.W.2d 188, 191 (1966), which involved an action brought by an administrator of a decedent's estate, we stated that "the provisions of chapter 611 should be liberally construed to permit substitution of the representative of a

deceased litigant in his place, the object of section 611.22 being to render available to such representative *all* the remedies to which the litigant, had he lived, might have resorted." (emphasis in original) (citations omitted).

In *Koppinger v. Cullen-Schiltz & Associates*, 513 F.2d 901 (8th Cir. 1975), the United States Court of Appeals for the Eighth Circuit construed sections 611.20–.22 in the same manner as the court in *Leahy* did. It noted:

> [The Iowa Supreme Court] has construed the Iowa wrongful death statutes to be survival statutes which preserve for the benefit of the estate causes of action which the deceased could have brought had he survived. *Egan v. Naylor*, 208 N.W.2d 915, 917 (Iowa 1973); *Fitzgerald v. Hale*, 247 Iowa 1194, 78 N.W.2d 509, 512 (1956); *see also Mallinger v. Brussow*, 252 Iowa 54, 105 N.W.2d 626, 629–30 (1960). The court has stated that the object of the Iowa statute is 'to render available to such representatives *all* the remedies to which the litigant, had he lived, might have resorted.' *Wendelin v. Russell*, 259 Iowa 1152, 147 N.W.2d 188, 191 (1966).

*Id.* at 908–09. That court affirmed a punitive damages award to a decedent's estate. *Id.* at 904 n. 3, 911.

Other jurisdictions have reached a similar conclusion in interpreting their survival statutes. In *State ex rel Smith v. Greene*, 494 S.W.2d 55 (Mo.1973), decedent's estate sought $100 actual and $80,000 punitive damages in an injury to personal property action stemming from the murder of the decedent. *Id.*, at 56–57. An action for wrongful death was also brought, but section 537.090, RSMo 1969, V.A.M.S., places monetary limits on recovery. The court interpreted section 537.010 which provides: "For all wrongs done to property rights or interest of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or, after death, by his executor or administrator, against such wrongdoer ..." *Id.* at 57. The court found that under section 537.010 actions for punitive damages could be brought by decedent's estate whether or not decedent had sued for them. *Id.* at 60.

In *Pace v. McEwen*, 574 S.W.2d 792 (Tex. Civ.App.1978), the court affirmed a $150,-000 punitive damage award in an action brought by decedent's estate to recover gifts made by decedent to a stockbroker who had exerted undue influence over her. *Id.* at 795–97, 800–01. The court said:

> [I]n *Houston-American Life Insurance Co. v. Tate* [358 S.W.2d 645 (Tex.Civ. App.)] .... the Waco Court held that exemplary damages which were based on unreasonable collection efforts did survive under Article 5525, Tex.Rev.Civ.Stat. Ann., on the reasoning that the terms of the survival statute are very broad, comprehensive and inclusive, and that a holding that exemplary damages did not survive would be equivalent to grafting an unauthorized exception upon the statute. Without further discussion, we concur in the results of this last cited case and hold that exemplary damages do survive the death of one who has been wrongfully imposed upon by her trusted fiduciary and thus tricked into disposing of a large portion of her assets.

*Id.* at 800–01.

In *Dunwoody v. Trapnell*, 47 Cal.App.3d 367, 120 Cal.Rptr. 859 (1975), decedent's administrator brought a medical malpractice action seeking punitive damages against hospital physicians. The court interpreted a portion of section 573 of the California Probate Code, which provided:

> When a person having a cause of action dies before judgment, the damages recoverable by his executor or administrator are limited to such loss or damage as the decedent sustained or incurred prior to his death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had he lived ....

The court found that this section allowed decedent's estate to seek punitive damages whether or not decedent had sued for them prior to death. *Id.* at 370, 120 Cal.Rptr. at 860–61.

New York, however, would not allow punitive damage claims to survive. *See Duchesne v. Sugarman*, 566 F.2d 817, 821 n. 2 (2nd Cir. 1977).

Given the purposes of punitive damages, we find it is not logical to allow punitive damage claims to survive only where decedent brought an action for them prior to his death. Thus, we hold that claims for punitive damages survive the death of the injured party.[4] They may be sought in an action by the administrator of the injured party's estate whether or not the decedent had sought punitive damages in an action before his death.

We have considered other contentions made by the parties but do not find them dispositive of these appeals.

In summary, we affirm as to defendants' appeal, concluding that a motion for summary judgment was an appropriate procedural mechanism in this case to challenge plaintiff's claim for punitive damages but that such motion was properly denied because the punitive damage claim survived Berenger's death. As to plaintiff's cross-appeal, we abandon the *Boyle* rule, and remand for further proceedings consistent with this opinion. Costs are taxed one-half to plaintiff and one-half to defendants.

AFFIRMED AND REMANDED.

---

**4.** We are not asked to pass on whether claims for punitive damages survive the death of the   tortfeasor.